[No. 56319-5.   En Banc.   January 25, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. SHARON ELLIOTT, *Petitioner*.

8

*Lenell Nussbaum* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Donna L. Wise, Senior Appellate Attorney,* for respondent.

SMITH, J.—Petitioner Sharon Louise Elliott was convicted by a jury in the King County Superior Court of two counts of promoting prostitution in the second degree under RCW 9A.88.080(1)(a) and (b). The Honorable Stephen M. Reilly sentenced her to 5 months' incarceration on each count to run concurrently. The Court of Appeals, Division One, affirmed the conviction and sentence. Petitioner sought review by this court.

Petitioner Elliott claims the State should have elected in the information whether to charge her with promoting a prostitution enterprise or with promoting individual acts of prostitution. She was charged in count 1 with promoting prostitution by profiting from and advancing the prostitution of Karen Anne Baker during the period between December 12, 1983, and December 12, 1984, and in count 2 with promoting prostitution by profiting from and advancing the prostitution of Linda Kelly during the period between January 14, 1985, and February 14, 1985. Petitioner further claims that she was denied a unanimous jury verdict; that she was denied equal protection of the laws because she was charged with the felonies of promoting prostitution instead of the misdemeanors of being an "accomplice to prostitution" under RCW 9A.88.030 and RCW 9A.08.020(3); that her sentence calculated with an offender score of 1 instead of a score of 0 violated constitutional prohibition against double jeopardy; and that the Court of Appeals violated the prohibition against ex post

facto laws by applying the rule of a case decided after the dates of her alleged offenses.

We affirm petitioner's conviction and sentence.

Between October 1983 and February 1985, petitioner operated an escort service called "Valentine's" from her residence—first in Seattle and later in Renton.

In October or November 1983, Ms. Karen Anne Taylor, also known as Karen Anne Baker, answered a newspaper advertisement for employment with "Valentine's." She was hired by petitioner as an "escort" at her first interview. Petitioner told Ms. Taylor to charge each client a $40 agency fee and that any other amount she collected would be within her discretion. Ms. Taylor estimated that she averaged about 20 escort calls each month while employed by "Valentine's" and that she engaged in sexual intercourse with clients on about half of the calls.

After working as an escort for "Valentine's" for about 6 months, Ms. Taylor also worked as a telephone dispatcher for petitioner, who instructed her not to discuss sex with potential clients over the telephone. The telephone dispatcher would verify address information given by the caller to make certain it was not fictitious and that the call was not from an undercover police officer. Upon meeting a client, the escort would check the client's driver's license and then "check in" with the dispatcher at "Valentine's." At the end of an "appointment," the escort would call the dispatcher to "check out."

Petitioner operated "Valentine's" from her Seattle residence until December 17, 1984, when she moved to Renton and operated the business from that location.

In January 1985 petitioner employed Ms. Linda Kelly as a "masseuse" for "Valentine's," although Ms. Kelly was not a licensed masseuse. She worked for "Valentine's" in January and February 1985 and responded to about 25 escort calls. On February 13, 1985, an undercover police officer called "Valentine's" for a massage. He was quoted a fee of $100, with $45 for "Valentine's" and $55 for escort travel.

The telephone dispatcher for "Valentine's" sent Ms. Kelly to the undercover officer's motel room. Upon her arrival, she asked the officer if he understood about the fees and indicated that she accepted tips and usually received more than $100. After Ms. Kelly agreed to perform oral sex, the officer arrested her.

Petitioner was charged with two counts of promoting prostitution under RCW 9A.88.080(1)(a) and (b). At her trial, the jury was given instructions in the statutory language for the offense of promoting prostitution. Those instructions included definitions of the terms "profits from prostitution," "advances prostitution," "prostitution," "sexual conduct," "sexual contact" and "sexual intercourse." The court also gave separate "to convict" instructions for each of the two counts in the information, stating the statutory elements under RCW 9A.88.080(1)(a) and (b), and specifically instructing the jury on the requirement of proof beyond a reasonable doubt for each element under each count. The trial court refused petitioner's request for instructions on the "lesser included offense" of being an "accomplice to prostitution." The jury convicted petitioner of both counts of promoting prostitution.

Based upon an offender score of 1 under the guidelines of the Sentencing Reform Act of 1981, RCW 9.94A, the trial court sentenced petitioner to 5 months' incarceration on each count to run concurrently.

The Court of Appeals, Division One, in a partially published opinion, affirmed the trial court and held that there was neither an equal protection violation in charging petitioner with the felony of promoting prostitution instead of the misdemeanor of being an "accomplice to prostitution," nor was she entitled to an instruction on a lesser included offense of "accomplice to prostitution." *State v. Elliott*, 54 Wn. App. 532, 774 P.2d 530 (1989). In the unpublished portion of the opinion, the Court of Appeals held that petitioner was not entitled to a jury unanimity instruction and that charging and sentencing for two counts of promoting prostitution was proper.

This case involves the following inquiries:

(1) Whether, in charging promoting prostitution in the second degree under RCW 9A.88.080(1)(a) and (b), the State is required to elect between charging advancing an enterprise of prostitution and charging advancing individual acts of prostitution; and whether failure of the State to make such an election infringed upon petitioner's right to a unanimous jury verdict;

(2) Whether the State's charging of two separate offenses and the trial court's use of one of the resulting convictions to increase petitioner's offender score under the Sentencing Reform Act of 1981 was error;

(3) Whether petitioner was denied equal protection of the laws by being charged with promoting prostitution, a felony, instead of a "lesser included offense" of being an "accomplice to prostitution," a misdemeanor, and whether the trial court erred in not instructing the jury on the requested "lesser included offense"; and

(4) Whether application of the ruling in a Court of Appeals decision rendered after the date of the charged offenses violated the prohibition against ex post facto laws.

We answer all the questions in the negative and affirm the Court of Appeals.

*The State is not required to elect in its charging document whether petitioner promoted prostitution by advancing an enterprise of prostitution or by advancing several individual acts of prostitution.*

The information charged in two separate counts in the language of the statute that petitioner separately promoted the prostitution of each named woman by advancing and profiting from prostitution for separate specified time periods and from separate locations. Petitioner claims the State was required to elect whether to charge promoting prostitution by advancing an enterprise or by advancing several individual acts because the State's election affects admissibility of evidence, jury instructions and sentencing.

RCW 9A.88.060 (promoting prostitution—definitions) defines "advances prostitution" and "profits from prostitution":

A person "advances prostitution" if, acting other than as a prostitute or as a customer thereof, he causes or aids a person to commit or engage in prostitution, procures or solicits customers for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution.

RCW 9A.88.060(1).

A person "profits from prostitution" if, acting other than as a prostitute receiving compensation for personally rendered prostitution services, he accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of prostitution activity.

RCW 9A.88.060(2).

RCW 9A.88.080 (promoting prostitution in the second degree) provides that:

(1) A person is guilty of promoting prostitution in the second degree if he knowingly:
(a) Profits from prostitution; or
(b) Advances prostitution.
(2) Promoting prostitution in the second degree is a class C felony.

RCW 9A.88.080.

██ Under RCW 9A.88.060(1), advancing prostitution may be committed either by assisting or operating an enterprise of prostitution or by causing or aiding a person to engage in prostitution. An offense charging either of these alternate means could be based upon separate specific acts or upon a continuing offense. *See State v. Petrich,* 101 Wn.2d 566, 683 P.2d 173 (1984), *modified in State v. Kitchen,* 110 Wn.2d 403, 756 P.2d 105 (1988).

Petitioner cites *State v. Petrich,* 101 Wn.2d 566, 683 P.2d 173 (1984), *modified in State v. Kitchen,* 110 Wn.2d 403, 756 P.2d 105 (1988), and *United States v. Berardi,* 675 F.2d 894 (7th Cir. 1982), in support of her contention that

the State must charge her either with promoting an enterprise of prostitution or with promoting individual acts of prostitution. Those cases do not support that proposition. An information may allege more than one means of committing an offense. *See* CrR 2.1(b); *State v. Merrill,* 23 Wn. App. 577, 597 P.2d 446 (citing *State v. Grant,* 89 Wn.2d 678, 686, 575 P.2d 210 (1978)), *review denied,* 92 Wn.2d 1036 (1979).

An accused is entitled to be apprised with reasonable certainty of the nature of charges against that person in order to prepare an adequate defense. *State v. Royse,* 66 Wn.2d 552, 557, 403 P.2d 838 (1965). It is sufficient to charge in the language of a statute if it defines the offense with certainty. *State v. Leach,* 113 Wn.2d 679, 686, 782 P.2d 552 (1989) (citing *State v. Grant,* 89 Wn.2d 678, 686, 575 P.2d 210 (1978)). The information in this case clearly stated two distinct statutory offenses under RCW 9A.88-.080(1)(a) and (b)—one for promoting prostitution of Karen Anne Baker and one for promoting prostitution of Linda Kelly. *See State v. Bonds,* 98 Wn.2d 1, 653 P.2d 1024 (1982), *cert. denied,* 464 U.S. 831 (1983).

*The State's failure to elect in the information between alternate means of committing the offense of promoting prostitution did not violate petitioner's right to a unanimous jury verdict.*

█ Petitioner contends that if the State was charging promotion of multiple individual acts of prostitution committed by each named woman constituting a single offense, then a unanimity instruction was required. However, the State did not characterize the charges as a single offense, but described them as two separate continuing offenses.

A continuing offense may be charged without specifying individual acts as a basis for the criminal conduct. *State v. Petrich,* 101 Wn.2d 566, 683 P.2d 173 (1984), *modified in State v. Kitchen,* 110 Wn.2d 403, 756 P.2d 105 (1988). In this case, the State charged two separate continuing

offenses—one for each employee whose prostitution petitioner was accused of promoting at different times and from different locations.

Count 1 charged petitioner with promoting prostitution in the second degree by advancing and profiting from the prostitution of Karen Anne Baker during the period between December 12, 1983, and December 12, 1984. The evidence at trial indicated that during the charging period, Ms. Baker worked as an "escort" for petitioner and "Valentine's," operating from petitioner's Seattle residence, that she went on about 20 calls a month, and that on about half of those calls she engaged in sexual intercourse.

Count 2 charged petitioner with promoting prostitution in the second degree by advancing and profiting from the prostitution of Linda Kelly during the period between January 14, 1985, and February 14, 1985. The evidence at trial indicated that during the charging period, Ms. Kelly worked for petitioner and "Valentine's," operating from petitioner's Renton residence, and responded to about 25 calls dispatched by petitioner and "Valentine's" as an "escort."

"To determine whether one continuing offense may be charged, the facts must be evaluated in a commonsense manner." *Petrich,* 101 Wn.2d at 571 (several instances of sexual abuse of one child did not constitute a continuing offense). A "commonsense" evaluation of the facts results in a conclusion that the two counts in the information were based on two separate continuous courses of conduct. *See State v. Barrington,* 52 Wn. App. 478, 761 P.2d 632 (1988), *review denied,* 111 Wn.2d 1033 (1989); *State v. Gooden,* 51 Wn. App. 615, 754 P.2d 1000, *review denied,* 111 Wn.2d 1012 (1988).

In an alternative means case, where a single offense may be committed in more than one way, there must be jury unanimity as to *guilt* for the single crime charged. Unanimity is not required, however, as to the *means* by which the crime was committed so long as substantial evidence supports each alternative means.

*State v. Kitchen,* 110 Wn.2d 403, 410, 756 P.2d 105 (1988). However, petitioner did not directly raise this issue, nor did she present sufficient argument on it. She did not refer specifically to the jury instructions given, nor did she cite any alternate means cases. This court will not consider claims insufficiently argued by the parties. *State v. Wethered,* 110 Wn.2d 466, 472, 755 P.2d 797 (1988) (citing *In re Rosier,* 105 Wn.2d 606, 717 P.2d 1353 (1986)). We therefore reach no decision on it.

*The State's charging of two separate offenses and the trial court's use of the resulting conviction in one of them as a prior conviction under the Sentencing Reform Act of 1981 was not error.*

Petitioner contends that if the State was charging promoting a prostitution enterprise rather than promoting individual acts of prostitution, both counts 1 and 2 must merge or be considered the same criminal conduct for sentencing purposes. The State did not charge promoting a prostitution enterprise, but charged two separate counts of promoting the prostitution of two named women during two specified periods from two separate locations.

Petitioner further contends that the two counts constituted double jeopardy. However, where there are several counts against one person arising out of the same act or transaction and the person is convicted on all counts, there is no multiple punishment for the same offense if the sentences imposed run concurrently and do not exceed the penalty for any one of the offenses for which the person has been convicted. *State v. Johnson,* 96 Wn.2d 926, 639 P.2d 1332 (1982).

Petitioner was properly charged with two counts of promoting prostitution in the second degree, consisting of one count for each of the two persons whose prostitution she allegedly promoted. *See* RCW 9A.88.080. She was sentenced to 5 months' incarceration on each count of promoting prostitution, with the sentences to run concurrently. Although her punishment was not increased by consecutive

sentences, her offender score under the Sentencing Reform Act of 1981, RCW 9.94A, was enhanced, with a resulting increase in the available sentencing range. Under the sentencing reform act, she could only have been sentenced to 1 to 3 months with an offender score of 0. Because her offender score was calculated as 1 by considering her conviction of the second count as a "prior offense" under the sentencing statute, the range for sentencing was increased to 3 to 8 months.

Petitioner contends that both counts involved the same criminal conduct and one count should not be considered a prior offense to increase her offender score, citing *State v. Mason,* 31 Wn. App. 680, 644 P.2d 710 (1982) and RCW 9.94A.400. *Mason* was not decided under the sentencing reform act. It is therefore not applicable to petitioner's sentence which is governed by the act, RCW 9.94A.

Former RCW 9.94A.400 (effective July 1, 1986, but since revised effective January 1, 1989) provided that:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime.

Former RCW 9.94A.400.

██ Petitioner cites *State v. Dunaway,* 109 Wn.2d 207, 743 P.2d 1237, 749 P.2d 160 (1987), for the applicable test under the statute to determine whether two crimes encompass the same criminal conduct. In *Dunaway* this court stated that in deciding whether crimes encompass the same criminal conduct, "trial courts should focus on the extent to which the criminal intent, as objectively viewed, changed from one crime to the next." *Dunaway,* 109 Wn.2d at 215. The court noted that this may include the related issues of "whether one crime furthered the other and if the time and place of the two crimes remained the same." *Dunaway,* 109 Wn.2d at 215.

The trial court in this case, although not specifically referring to the statutory test, correctly ruled that the evidence indicated that petitioner's employment of the two named women occurred during two separate time periods and at two different locations, thus constituting two separate offenses. Under the Sentencing Reform Act of 1981, trial judges retain some discretion in sentencing matters. RCW 9.94A.010. *See State v. Collicott,* 112 Wn.2d 399, 771 P.2d 1137 (1989). An appellate court reviewing a trial court's sentencing under the act will not reverse a sentence unless it finds a clear abuse of discretion or misapplication of the law. *See State v. Collicott,* 112 Wn.2d 399, 771 P.2d 1137 (1989). This deference is also given the trial judge in determining the offender score. *See State v. Collicott,* 112 Wn.2d at 404. A determination of what constitutes the same criminal conduct is necessary in assessing the offender score. *See State v. Collicott,* 112 Wn.2d at 404.

In the present case, although the statutory language was not specifically called to the attention of the trial judge for determining the "same criminal conduct" for purposes of the offender score, the factors indicated by the judge to justify an offender score of 1 are consistent with the "same criminal conduct" test announced in *State v. Dunaway,* 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987).

This case represents neither a clear abuse of discretion nor a misapplication of the law. Therefore we affirm petitioner's sentence.

*Petitioner was not denied equal protection of the laws by being charged with two felonies instead of two misdemeanors.*

Petitioner claims she was denied equal protection of the laws by being charged with promoting prostitution under RCW 9A.88.080, a felony, because the same conduct constitutes being an "accomplice to prostitution" under RCW 9A.08.020(3) and RCW 9A.88.030, a misdemeanor.

The Court of Appeals properly relied on *State v. Cann,* 92 Wn.2d 193, 595 P.2d 912 (1979), in finding no

equal protection violation because petitioner was properly charged under the "special law" of promoting prostitution under RCW 9A.88.080 instead of the "general law" of being an "accomplice to prostitution" under RCW 9A.08.020(3) and RCW 9A.88.030.

*The trial court did not err in failing to give an instruction on a lesser included offense.*

Petitioner alternately contends that if there was no violation of equal protection, the trial court erred in not instructing the jury on "the lesser included offense" of being an "accomplice to prostitution."

█ The Court of Appeals correctly held that petitioner was not entitled to a lesser included offense instruction for being an "accomplice to prostitution." Being an accomplice is a distinct theory of criminal liability. It therefore cannot be a "lesser included offense." *See* RCW 9A.08.020(3). Compare RCW 9A.88.080. *See also State v. Toomey,* 38 Wn. App. 831, 840, 690 P.2d 1175 (1984) (citing *State v. Davis,* 101 Wn.2d 654, 682 P.2d 883 (1984)), *review denied,* 103 Wn.2d 1012, *cert. denied,* 471 U.S. 1067 (1985).

*Application of a Court of Appeals decision rendered after the events constituting the offenses charged did not violate the prohibition against ex post facto laws.*

Petitioner claims the Court of Appeals' application of *State v. Song,* 50 Wn. App. 325, 748 P.2d 273 (1988), which was decided after the events constituting the charges in her case, was a violation of the constitutional prohibition against ex post facto law. She contends that she should instead be sentenced under *State v. Mason,* 31 Wn. App. 680, 644 P.2d 710 (1982). For this proposition she cites *State v. Gore,* 101 Wn.2d 481, 681 P.2d 227 (1984), and *State v. Handran,* 113 Wn.2d 11, 775 P.2d 453 (1989). *Handran* states that a "new law violates the prohibition against ex post facto laws if: . . . [it] permits imposition of a different or more severe punishment than when the crime was committed". *Handran,* 113 Wn.2d at 14 (citing *State v.*

*Edwards,* 104 Wn.2d 63, 701 P.2d 508 (1985)). *Gore* states that retroactive application of an "unforeseeable judicial enlargement of a criminal statute" operates like an *ex post facto* law. *Gore,* 101 Wn.2d at 489 (citing *Bouie v. Columbia,* 378 U.S. 347, 353–54, 12 L. Ed. 2d 894, 84 S. Ct. 1697 (1964)).

In *Gore* this court stated that if the decisional law existing at the time the conduct occurred is overruled, then the law existing at the time of the acts must be applied. However, that case involved decisions of the *Supreme* Court and not decisions of the Court of Appeals. *See State v. Gore,* 101 Wn.2d at 489 (citing *Bouie v. Columbia,* 378 U.S. 347, 353–54, 12 L. Ed. 2d 894, 84 S. Ct. 1697 (1964)).

The cases cited by petitioner do not support her contention. We therefore conclude that her claim of ex post facto violation is without merit.

The State properly charged petitioner with two counts of promoting prostitution in the second degree in the language of the statute, RCW 9A.88.080(1)(a) and (b). The jury, under proper instructions, convicted her of two separate counts of promoting prostitution. The trial court properly calculated an offender score of 1 under the available sentencing range for petitioner's sentence based on the two convictions.

We affirm the decision of the Court of Appeals and petitioner's conviction and sentence.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and GUY, JJ., concur.

Reconsideration denied March 8, 1990.