**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ZHI GUO WANG, Defendant**

High Court of American Samoa
Trial Division

CR No. 21-02

June 20, 2002

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and MAMEA, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, William H. Reardon

ORDER DENYING MOTION TO DISMISS

The defendant Wang Zhi Guo Wang ("Wang") is charged with one count of Promoting Prostitution in the Second Degree, and two counts of Abuse of a Child. Defendant moves to dismiss the information on the ground of vagueness.

■ Recycling word for word, except for minor factual adjustments, a Memorandum of Points and Authorities previously filed on June 22, 2000, by the Public Defender's office in *American Samoa Government v. Faumuina*, 4 A.S.R.3d 196 (Trial Div. 2000), Wang argues that the information fails to conform with the specificity requirements of T.C.R.Cr.P. Rule 7(c)(1), which requires that "the information shall be a

213

plain, concise and definite written statement of the essential facts constituting the offense charged." He thus challenges the sufficiency of the information contending a violation of his right to be informed of the "nature and cause of the accusation" against him under the Sixth Amendment of the United States Constitution, and under Article I, Section 6 of the Revised Constitution of American Samoa.

## Discussion

### I.

■ The Supreme Court in *Russell v. United States*, 369 U.S. 749, 763 (1962), set out two criteria by which the sufficiency of the information is to be measured: 1) whether the facts stated show the essential elements of the offense charged to enable him to prepare his defense; and 2) whether the facts alleged are sufficient to ensure against double jeopardy in a second prosecution.

The information filed in *Faumuina* charged three separate criminal offenses, sexual abuse in the first degree, assault in the second degree, and assault in the third degree. 4 A.S.R.3d at 196. The Court found the information wanting in "essential facts" sufficient to notify defendant of the charges filed against him as required by T.C.R.Cr.P. Rule 7. *See* 4 A.S.R.3d at 197-98. The information there filed not only failed to name the victims in all three counts, but it also failed to appraise the defendant of the particular acts for which he was charged. *Id.* at 197. Instead, the information simply tracked the *generic* language employed by the statute to describe each offense, while at the same time, the two more serious counts merely alluded to a range of dates, encompassing the span of a month, within which the offending conduct was said to have been committed. *Id.* Under these circumstances, the Court was concerned with the defendant's potential exposure to multiple prosecution possibilities for the same crime on different theories. *Id.* The *Faumuina* Court, did not, however, order dismissal but required the prosecution to file a bill of particulars. *Id.* at 198.

■ In contrast, the double jeopardy concerns of *Faumuina* are not evident here. The subject offenses before the *Faumuina* Court were all single act specific crimes, whereas the crimes charged in the matter at bar may be based on a continuing course of conduct, and not merely on any one event. "A continuing offense may be charged without specifying individual acts as a basis for criminal conduct." *State v. Elliot*, 785 P.2d 440, 444 (Wash. 1990). In Count 1, the offense, promoting or advancing prostitution, addresses a person, acting other than as a prostitute, doing something that promotes or aids others to engage in prostitution. In other words, it is the result of a continuing course of conduct advancing

214

prostitution and not any particular instance of prostitution itself that is key. Similarly, in Counts 2 and 3, the charges of Abuse of Child relate to a continuing course of conduct--permitting or encouraging a ·child to engage in prostitution, and not any particular occasion of prostitution. The subject enactments speak to a continuing offense that can be charged without specifying individual acts. In both situations, promoting prostitution and abuse of child, the jury does not need to agree that the victims had committed a particular act of prostitution in order to convict.

■ An information using only statutory language is quite permissible as long as the statute sets forth "fully, directly and expressly, without any uncertainty or ambiguity, all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117-18 (1974). There is a key difference between a defendant's constitutional right to know what offenses he is charged with and· his desire to know the evidentiary details of the prosecution's case. *United States v. Williams*, 679 F.2d 504, 509 (9th Cir. 1982).

■ In our view, the information sufficiently states the elements of the offenses, fairly informing the defendant of the charges against him so as to enable him to plead former jeopardy in a subsequent prosecution. Moreover, the Affidavit in Support of the Criminal Complaint, filed March 3, 2002, more than adequately appraises Wang of some of the underlying facts predicating the charges against him so as to adequately facilitate the preparation of his defense and avoid prejudicial surprise at trial. Wang is expected to look at all of the sources provided by the government and not simply at the information formally charging him with the crime. *Am. Samoa Gov't v. Wilson*, 24 A.S.R.2d 26, 29 (Trial Div. 1993) (citing C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 129, at 437 (1982)).

## II.

Wang next claims that even if sufficient facts are alleged for Counts 2 & 3, no violation of the Child Abuse Law is alleged. Wang submits that under A.S.C.A. § 45.2001(a)(1)(B), when prostitution is the conduct at issue, the victim must be "subject to the sexual offenses contained in 46.3601 to 46.3617 and 46.3802" in order for Child Abuse to have occurred. Wang then contends that since the offenses delineated in the above statute, A.S.C.A. 46.3601 to 46.3617 and 46.3802, all require the victim to be younger than 17 years of age, the victims in this case being 17 years of age, the sex was consensual and not within the statute.

This is a misreading of the statute by the defendant. A.S.C.A. § 45.2001(a)(1)(B) reads as follows:

(a)(1) "Abuse" or "child abuse or neglect" means an act or omission in one of the following categories which seriously threatens the health or welfare of a child:

. . .

> (B) when a child is subject to the sexual offenses contained in 46.3601 to 46.3617 and 46.3802, or is allowed, permitted, or encouraged by the child's parents, legal guardian, custodian, or any other person responsible for the child's health and welfare, to engage in prostitution or be the subject of · obscene or pornographic photographing, filming, or depicting;

. . .

■ The statutory language of A.S.C.A. § 45.2001(a)(1)(B), is presented in the disjunctive, dividing the provision into three sections; sex crimes, prostitution and pornography. As the charges in this matter relate to prostitution, and not sex crimes, the age provisions of A.S.C.A. 46.3601 to 46.3617 and 46.3802 are irrelevant. What is required is that the victims be "a person under 18 years of age" and therefore come within the definition of a "child" under the statute. A.S.C.A. § 45.0103(3). The facts as alleged in the information put the victims within the definition of a child, and therefore within A.S.C.A. § 46.3811.

For reasons given, the motion to dismiss is denied.

It is so ordered.