
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| In re the Marriage of: | No. 66478-6-I |
| ESSE M. WOLF, | DIVISION ONE |
|      Appellant, | |
| and | |
| DAVID L. WOLF, | UNPUBLISHED |
|      Respondent. | FILED: April 22, 2013 |

Cox, J.— Esse Wolf appeals the trial court orders dissolving her marriage to David Wolf and providing for the care and support of their child. Because her briefs and the incomplete record on appeal are substantial obstacles to our review of her appeal, and for the additional reasons set forth below, we affirm.

The parties signed a written prenuptial agreement[1] in September 2005 and married in March 2006. They had one child in September 2008 and separated in June 2009. The trial court entered various temporary orders, including a restraining order based on Esse's allegations of domestic violence by David.[2] After a five-day trial in October and November 2010, the trial court made a comprehensive oral ruling on November 3. On November 30, 2010, the trial court entered final orders incorporating its oral ruling by reference and attaching

---

[1] The prenuptial agreement does not appear in the record on appeal.
[2] These orders do not appear in the record on appeal.

a transcript of that ruling as an exhibit to its Findings of Fact and Conclusions of Law.

The trial court found David to be a credible witness but found Esse to be a "persistent and calculated liar." The court also found that Esse's actions after the parties' separation "prevented this Court from making proper disposition of the community property." The trial court determined that Esse's share of the community property would consist of the property she took or sold in violation of the trial court's order entered at the parties' separation. The trial court determined that the prenuptial agreement was enforceable, and awarded David his separate property as well as a judgment against Esse for certain distributions of David's separate property she received during the separation. Despite the language in the prenuptial agreement precluding any award of maintenance, the court ordered David to pay Esse undifferentiated family support for two years "in light of the evidence regarding the Husband's resources and the Wife's lack of income other than what she receives from the Husband."

The trial court also dissolved the protection order, finding Esse's testimony regarding the underlying incident "ludicrous" and a "lie." The trial court ordered the couple's child to reside a majority of the time with Esse, but allowed for time with David Thursday through Monday every other week. The trial court did not impose geographic restrictions despite the fact that Esse lives in Spokane County and David lives near the Washington Coast.

Esse appeals.

2

The law does not distinguish between litigants who elect to proceed pro se and those who seek assistance of counsel.[3] Both must comply with applicable procedural rules, and failure to do so may preclude review.[4] This court generally will not consider arguments that are unsupported by pertinent authority, references to the record, or meaningful analysis.[5] It is also the appellant's burden to provide a record sufficient to review the issues raised on appeal.[6]

With few exceptions, Esse has failed to comply with these requirements. She has not provided any transcripts of the five-day trial and has designated no trial exhibits for review. She lists 25 assignments of error, only 18 of which refer to a particular paragraph or section of the orders in the record. But Esse has attached to her briefing 34 "exhibits," the majority of which do not appear in the clerk's papers, were not considered by the trial court, or involve matters occurring after trial. Referring to these exhibits rather than the clerk's papers, Esse devotes her entire "argument" in her opening brief to a discussion of David's credibility. Esse's briefing contains no citation to authority, no discussion of the applicable standard of review, and no meaningful legal analysis. In sum, these deficiencies are substantial obstacles to our consideration of Esse's appeal. Nevertheless, to the extent possible, we have addressed the essence of her claims.

---

[3] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[4] Id. at 626; State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

[5] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) (insufficient argument); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (issues unsupported by adequate argument and authority); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989) (no references to the record), aff'd, 115 Wn.2d 60, 794 P.2d 850 (1990); RAP 10.3(a).

[6] Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988).

Esse first complains about matters occurring at trial that we cannot review without a proper and complete record of the trial proceedings. Esse also claims that David's attorney included incorrect and unnecessary provisions when drafting the final orders, but she does not identify or establish any particular error.

Esse next challenges the trial court's decision to dissolve the protection order restraining David from contacting her and placing restrictions on his time with their daughter. Whether to grant, modify, renew, or terminate a protection order is a matter of judicial discretion.[7] Thus, the trial court's decision "will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."[8]

Esse assigns error to the following finding in the trial court's oral ruling:

> On thorough review, Esse's testimony on the fruit stand incident is ludicrous. David never threw the fruit stand at her and it never came anywhere near [their child], but Esse took this lie, magnified it, and it became the foundation upon which the extreme restrictions on visitation by David with [their child] were imposed.[9]

To demonstrate the claimed error, Esse refers to her own transcription of certain voicemail messages from David around the time of the incident. However, Esse does not claim or establish that the voicemail recordings or her transcript were admitted at trial or considered by the trial court. In order to properly challenge findings of fact on appeal, Esse must demonstrate "why specific findings of the trial court are not supported by the evidence and [must] cite to the record to

---

[7] In re Marriage of Freeman, 169 Wn.2d 664, 671, 239 P.3d 557 (2010); RCW 26.50.060(1), (2), (3); RCW 26.50.130(1).
[8] State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).
[9] Clerk's Papers at 39.

support that argument."[10] Because Esse has failed to properly support her claim

of error with argument based on evidence in the trial record, the challenged

finding must be treated as a verity. Considering the fact that the trial court did

not believe Esse's version of events leading to the original issuance of the

protection order, we conclude that the court's decision to dissolve the protection

order was not an abuse of discretion.

Esse next claims that the trial court failed to properly divide all the parties'

property and debt. RCW 26.09.080 authorizes trial courts to dispose of marital

property in whatever manner "shall appear just and equitable after considering all

relevant factors . . . ." Relevant factors include the duration of the marriage, the

economic circumstances of the parties, the need for maintenance, and the

dissipation or wasting of marital assets.[11] The trial court is in the best position to

determine what is fair and equitable and has broad discretion in distributing the

property and liabilities in dissolution proceedings.[12] We will not reverse a trial

court's property distribution on appeal absent a showing of manifest abuse of

discretion.[13]

Again, Esse's failure to provide the complete record or properly support

her factual challenges substantially prevent our review of her claims. The trial

---

[10] In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998); In re Estate of Palmer, 145 Wn. App. 249, 264-65, 187 P.3d 758 (2008).

[11] RCW 26.09.080; In re Marriage of Williams, 84 Wn. App. 263, 267–71, 927 P.2d 679 (1996) (courts consider duration of marriage, parties' financial resources, ability to meet their needs independently, and conduct depleting marital assets); In re Marriage of Wallace, 111 Wn. App. 697, 708, 45 P.3d 1131 (2002) (trial court may consider party's waste of assets); In re Marriage of Steadman, 63 Wn. App. 523, 528, 821 P.2d 59 (1991) (trial court may consider one spouse's "gross fiscal improvidence" or "squandering of marital assets"); In re Marriage of Rink, 18 Wn. App. 549, 553, 571 P.2d 210 (1977) (court may consider maintenance in dividing property).

[12] In re Marriage of Brewer, 137 Wn.2d 756, 769, 976 P.2d 102 (1999).

[13] Id.

court found that (1) the parties signed an enforceable prenuptial agreement listing the separate property of each party; (2) David had substantial separate property; (3) Esse had little separate property; (4) the community property consisted of personal property and vehicles purchased with David's separate property and gifted to the community; (5) Esse violated orders entered at the parties' separation regarding maintenance and disposition of certain property; (6) Esse received $35,000 from the sale of David's separate property after the parties' separation in violation of the prenuptial agreement; (7) the prenuptial agreement prohibits any award of maintenance; and (8) Esse had no income other than what she received from David. We conclude that these findings adequately support the court's division of the property.

Esse also assigns error to the provisions of the parenting plan allowing David residential time with their child without the restrictions recommended by the parenting evaluator. We review a trial court's parenting plan for an abuse of discretion.[14] Esse fails to demonstrate any abuse of discretion in the trial court's decision. The trial court found that the parenting evaluator relied on Esse's statements and the existing protection orders to make her recommendations. However, the trial court found that Esse was not credible and "[t]he imposition of supervised visitation in this case was completely unnecessary and unwarranted." In light of these findings, Esse fails to demonstrate any abuse of discretion in the trial court's decision to allow David unrestricted residential time.

Finally, Esse claims that the trial court made various errors in the order of child support and worksheets. Because the substance of these claims involve

---

[14] In re Marriage of Kovacs, 121 Wn.2d 795, 801, 854 P.2d 629 (1993).

events that may occur in the future or that occurred after the November 30, 2010 entry of the orders before this court on appeal, we do not address them.

We affirm.

_____
Cox, J.

WE CONCUR:

_____     _____