# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON, )
                ) No. 76128-5-I
       Respondent, )
                ) DIVISION ONE
       v. )
                ) UNPUBLISHED OPINION
RICHARD WHITAKER, AKA RICHARD )
CHARLES ROUNDTREE, )
                )
       Appellant. ) FILED: June 11, 2018
_____ )

APPELWICK, C.J. — Whitaker appeals his jury conviction for second degree murder. He contends that he was denied his right to a fair trial because the trial court's response to a jury question impermissibly shifted the State's burden of proof. In the alternative, he contends, his attorney was ineffective for failing to object to the trial court's response. We affirm.

## FACTS

In the early morning hours of December 13, 2015, Richard Whitaker was selling crack cocaine in the Belltown neighborhood of Seattle. Whitaker was accompanied by his girlfriend, Wendy White. Whitaker had a .45 semi-automatic pistol in his backpack.

According to White, at some point in the evening, Brent McDonald approached her and asked if she would sell him drugs. White did not know McDonald. She refused, concerned that McDonald might be an undercover officer, because he was clean cut and "just didn't look like your typical user." McDonald

left and White lost sight of him. White testified that McDonald approached them several times that night asking to buy drugs. Each time, Whitaker told McDonald to go away and each time he complied.

At around 3:00 a.m., McDonald approached Whitaker and White again. White described McDonald's attitude as "cocky" and that she was "uneasy." However, White testified that she was not scared by McDonald and did not feel that she was in danger. White admitted that McDonald did not hurt her, display a weapon or even raise his voice at her.

> I mean I didn't think he was coming to hit me or something, but I didn't know what he was going to do, and it's that unknown that creates the fear. It's not like that he had a hatchet and he was like chasing after me. It wasn't nothing like that. But it's like when you're coming towards a person that has asked you to leave them alone, I can't imagine there's positive intent. It's just -- it just felt very uncomfortable.

Whitaker asked McDonald, in an aggressive tone, "[W]hy are you following us?" McDonald responded, "I'll walk these free streets of America wherever I want to walk." McDonald continued to approach until he was approximately four to five feet away from White. Whitaker pulled the gun out of his backpack and shot McDonald. The bullet entered McDonald's right side and exited his left side. McDonald died almost instantly.

Whitaker and White fled in White's car. The following day, Whitaker threw the gun into Lake Washington.

Police arrested Whitaker based on a tip from a confidential informant that Whitaker had admitted to killing McDonald. The State charged Whitaker with second degree murder while armed with a firearm.[1]

At trial, Whitaker admitted that he shot McDonald but asserted he had done so in self-defense. Whitaker testified that he supported himself selling crack cocaine. He stated that it was a dangerous business and that he had previously been stabbed and robbed at gunpoint by customers. Whitaker testified that he shot McDonald because McDonald had repeatedly approached White that evening and he believed McDonald intended to hurt her.

The State presented the testimony of several employees at the bar where McDonald had been that evening. All of them testified that McDonald, who was a regular customer, was soft-spoken and friendly and never aggressive. The State also presented the testimony of several witnesses who lived or worked in the area of the shooting, none of whom heard raised voices or threats. In addition, the State introduced surveillance video that recorded the incident. The video shows McDonald approaching and appearing to talk to White, while White calmly smoked a cigarette. McDonald appears to walk away just as Whitaker fires the gun.

At Whitaker's request, the trial court instructed the jury on the defense of justifiable homicide. A jury convicted Whitaker as charged. Whitaker appeals.

---

[1] Whitaker was also charged with and convicted of first degree unlawful possession of a firearm. Whitaker does not challenge this conviction.

## DISCUSSION

Whitaker contends that he was denied due process because the trial court's response to a jury's question about the justifiable homicide instruction confused the jury as to the State's burden of proof.

"Jury instructions are sufficient if they are supported by substantial evidence, allow the parties to argue their theories of the case, and when read as a whole properly inform the jury of the applicable law." State v. Clausing, 147 Wn.2d 620, 626, 56 P.3d 550 (2002). Self-defense instructions, read as a whole, must make the relevant legal standard manifestly apparent to the average juror. State v. Sullivan, 196 Wn. App. 277, 291-92, 383 P.3d 574 (2016).

A homicide is justifiable if the slayer acts in lawful defense of the slayer or another person, being in reasonable fear of imminent great personal injury or death. RCW 9A.16.050. If there is some evidence tending to prove the defendant acted in self-defense, the State has the burden of proving the absence of self-defense beyond a reasonable doubt. State v. McCullum, 98 Wn.2d 484, 490, 656 P.2d 1064 (1983).

The trial court gave the standard instruction for justifiable homicide. Jury Instruction 15 provided,

> It is a defense to a charge of murder that the homicide was justifiable as defined in this instruction.
>
> Homicide is justifiable when committed in the lawful defense of the slayer or any person in the slayer's presence or company when:

        1) the slayer reasonably believed that the person slain intended to commit a felony or to inflict death or great personal injury;

        2) the slayer reasonably believed that there was imminent danger of such harm being accomplished; and

        3) the slayer employed such force and means as a reasonably prudent person would use under the same or similar conditions as they reasonably appeared to the slayer, taking into consideration all the facts and circumstances as they appeared to him, at the time of and prior to the incident.

        The State has the burden of proving beyond a reasonable doubt that the homicide was not justifiable. If you find that the State has not proved the absence of this defense beyond a reasonable doubt, it will be your duty to return a verdict of not guilty.

11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL

16.02 (4th ed. 2016) (WPIC).

    In closing argument, defense counsel misstated the State's burden of proof

regarding the defense of justifiable homicide:

        And there are two important things to remember here. The first is that this is the State's burden to disprove. This isn't the defendant's burden to prove what was going on. It is the State's burden to prove beyond a reasonable doubt that these factors don't apply, that they weren't met, that that isn't what happened here.

        . . . .

        The State has to prove beyond a reasonable doubt that Mr. Whitaker didn't reasonably believe that he was in imminent danger, and the State has to prove to you that Mr. Whitaker's use of force was unreasonable given the facts and circumstances as they appeared to Mr. Whitaker at the time.

(Emphasis added.) In rebuttal, the prosecutor corrected defense counsel's

misstatement of law, explaining that because all three elements of the definition

-5-

must exist in order for a homicide to be justified, the State was only required to disprove one in order to negate the defense:

> You heard the defense counsel talk a little bit about instruction 15, and I need you to really pay attention to it, because what defense told you is that the State has to prove not only that he didn't believe -- that he believed that he was in fear of great bodily injury, but that also that he was in imminent danger of being harmed and that the force used was reasonable.
>
> What the instruction actually says is that justifiable homicide occurs when all three of those things are met, which means if the State can show you that the defendant's behavior was not reasonable, that his conduct was not reasonable, that it does not matter what was in his mind at the time. If he didn't use reasonable force, then the homicide is not justifiable.
>
> So take a look at your instruction. See that all three things have to be met before a homicide is justified, and you will be confident that it was not.

During deliberations, the jury submitted the following written question:

> Do all three elements have to be met in order for a homicide to be justifiable? i.e. [sic] if 2 of 3 elements are met, is it justifiable?

When the parties met to discuss the question, the trial court stated,

> Okay. I think this instruction is very confusing because it requires the jury to sort of look at a double negative. If the parties want to agree, that's fine. I would be prepared to instruct the jury as follows: "The State has the burden of proving beyond a reasonable doubt that the homicide was not justifiable. The State can carry this burden by proving beyond a reasonable doubt that one or more of the three elements in Instruction 15 has not been established."

Defense counsel stated,

> I might suggest that instead of it has not been established, "is not true" -- my concern about has not been established is it kind of sounds like it's something that the defense has an obligation to establish that there's -- that that's my requirement.

-6-

. . . .

> . . . I think my -- my concern – [is that] maybe "that does not exist" is - is easier - my concern is that we're talking about it hasn't been proven or it hasn't been established. I think that suggests that the defense has an obligation to prove it initially and then the State is disproving and I don't think that's an accurate reflection of the instruction -- I think we could say -- I think we could just end it with "is not true" maybe or "one of those elements is not true."

The parties ultimately agreed on the following response to the jury:

> The State has the burden of proving beyond a reasonable doubt that the homicide was not justifiable. <u>A homicide is justifiable when all three elements in Instruction 15 are met</u>.

(Emphasis added.)

Whitaker contends that the phrase "when all three elements in Instruction 15 are met" would cause a reasonable juror to infer "that his or her duty was to start with a determination as to whether the defense had established the three elements."

We disagree. Here, the trial court's response to the jury question was an accurate statement of the law. The trial court correctly informed the jury that the State had the burden of proving beyond a reasonable doubt that the homicide was not justifiable. The trial court then reiterated instruction 15, which states that a homicide is justifiable when three elements are present: that Whitaker reasonably believed McDonald intended to inflict death or great bodily harm; that Whitaker reasonably believed there was imminent danger of such harm; and that Whitaker's use of force was reasonable under the circumstances. In other words, the trial

court properly instructed the jury that the State had the burden to show that all three elements were <u>not</u> met.

Contrary to Whitaker's assertion, the jury question does not indicate that the jury misunderstood the burden of proof. It appears that the question arose following defense counsel's misstatement of law in closing argument. The jury was understandably confused as to whether the State had to prove all of the elements in instruction 15 or just one of them. However, at no point did the jury evince any confusion as to which party held the burden of proof.[2]

In the alternative, Whitaker contends, he was denied effective assistance of counsel because defense counsel assented to the erroneous response. To prevail on this claim, Whitaker must demonstrate both that defense counsel's conduct was deficient and that the deficient performance resulted in prejudice. <u>State v. Nichols</u>, 161 Wn.2d 1, 8, 162 P.3d 1122 (2007). We strongly presume that counsel's representation was effective. <u>McFarland</u>, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Because, as discussed above, the trial court did not misstate the law or shift the burden of proof, defense counsel's performance was not deficient. Nor is there any reasonable probability that defense counsel's assent to the trial court's wording of the response changed the outcome of the trial.

In a pro se statement of additional grounds, Whitaker reiterates the claims made by appellate counsel regarding the jury question. In addition, Whitaker

---

[2] Because we conclude that the trial court's response to the jury question was proper, we need not address the State's assertion that Whitaker has waived any challenge by inviting the error.

claims that (1) defense counsel was ineffective for failing to propose a self-defense instruction; and (2) the trial court erred in failing to give a lesser included offense instruction. Whitaker's claims are too conclusory to merit review. RAP 10.10; State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) (appellate court need not consider claims that are insufficiently argued); State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999) (appellate court need not consider pro se arguments that are conclusory or unsupported).

Affirmed.

_Cppelwick, CJ._

WE CONCUR:

_____

_Rclairdle, J._