# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Appellant,

v.

CHRISTOPHER ISRAEL SAUNDERS,
a/k/a CHRISTOPHER ISRALE
SAUNDERS, KEVIN J. KELLOG,
JASON MICHAEL MOHON, CHRIS
ISRAEL SAUNDERS,

Respondent.

No. 81037-5-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — Saunders appeals his conviction for failing to register as a sex offender. He claims his counsel was ineffective for failing to object to prejudicial testimony and failing to move for dismissal of the case for insufficient evidence. He further alleges the prosecutor committed flagrant and ill-intentioned misconduct by suggesting the jury could convict him based on a failure to register after the period for which he was charged. He claims his right to a timely arraignment and speedy trial were violated. Last, he claims the trial court improperly assessed LFOs against him. We reverse his conviction based on ineffective assistance of counsel and decline to address his other arguments.

FACTS

On July 27, 2017, the State charged Christopher Saunders with one count of failing to register as a sex offender. The State alleged that Saunders was in

violation of his duty to register as a sex offender between June 22 and July 7. RCW 9A.44.130(4)(a)(i) requires that a sex offender register within three business days of release from custody. Saunders was incarcerated from June 7 to June 16, 2017. June 16, 2017 was a Friday. As a result, he was required to register no later than June 21, 2017.

Saunders denied the charge. He testified that he had registered with the Pierce County Sheriff's Department (PCSD) as required on June 19, 2017. PCSD's last recorded registration from Saunders occurred on June 1, 2017.

The parties stipulated to Saunders's duty to register and two prior convictions for failing to register as a sex offender. The State called Sally Saxon, Saunders's community corrections officer, to testify. Saxon supervised Saunders from February to June 2017. She testified concerning the conditions of his supervision, including that he be available to the Department of Corrections (DOC) at all times, be monitored via global positioning system (GPS) technology, abide by a curfew time, and not have contact with minors or go to places that minors frequent. Saxon testified that Saunders did not comply with his GPS or curfew requirements. She further testified that he would cut off his GPS monitor or allow it to die. And, she testified that after June 16, he was rarely at his declared residential address and instead moved around the Tacoma area, making it difficult to track his movements. Saunders did not object to any of this testimony.

During closing arguments, the prosecutor called attention to the fact that Saunders also admitted to failing to register between July 7, 2017 and October

2017. Notwithstanding that the State declined to charge Saunders with failing to register during that time in the information, the prosecutor brought this up on two separate occasions during closing argument. First, he stated,

> And I've just gone over that with you previously in regards to him not registering upon release from custody on the 16th of June and from his own testimony not registering at all between July and October when he was put back into custody again, and that during that time period, the defendant knowingly failed to comply with the requirement of Sex Offender Registration.

The prosecutor again pointed to this subsequent failure to register later in his closing:

> Now, the defendant clearly did not register between June 22 and July 7. And furthermore, we know from the testimony that he did not register from July until October. He failed his registration requirement, and that's very evident from the testimony you heard throughout this trial.

Saunders did not object to this line of argument.

The jury found Saunders guilty as charged. Saunders appeals.

## DISCUSSION

Saunders makes three arguments. First, he argues that his counsel was ineffective for failing to object to prejudicial testimony from Saxon, failing to bring a motion to dismiss for insufficient evidence, and failing to object to the State's improper arguments. Second, he argues that the prosecutor committed flagrant and ill-intentioned misconduct by encouraging the jury to convict him based on failure to register during a time period not charged in the information. Last, he

argues that the trial court erred in assessing discretionary legal financial obligations (LFOs) despite his indigency.

In order to sustain a claim of ineffective assistance of counsel, Saunders must show that his counsel's performance fell below an objective standard of reasonableness and he was thereby prejudiced. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We review ineffective assistance of counsel claims de novo. State v. Rafay, 168 Wn. App. 734, 775, 285 P.3d 83 (2012).

## I. Deficient Performance

Saunders claims his counsel was deficient in three respects: failing to object to prejudicial testimony by Saxon, failing to object to the State's inappropriate closing argument, and failing to bring a motion to dismiss due to insufficient evidence. We agree that counsel was deficient in the first two respects and decline to address the motion to dismiss because it was not briefed.[1]

### A. Prejudicial Testimony

Defense counsel failed to object to prejudicial testimony elicited from Saxon. Specifically, Saxon testified that Saunders was not allowed contact with minors, that he cut off his GPS monitor or allowed it to die, and that he was hardly ever at his place of residence and instead traveled all around Tacoma.

---

[1] An appellate brief should contain argument supporting issues presented for review, citations to legal authority, and references to relevant parts of the record. RAP 10.3(a)(6). Saunders raises his argument that counsel was ineffective for failing to bring a motion to dismiss in a header but does not develop it further. We therefore decline to address it. See State v. Elliot, 114 Wn.2d 6, 15, 785 P.2d 440 (1990) (declining to consider a claim insufficiently argued by the parties).

Irrelevant evidence is not admissible. ER 402. Evidence is relevant if it has any tendency to make a fact of consequence more or less probable. ER 401. Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. ER 403. Evidence of other bad acts is inadmissible to show the character of a person in order so show conformity therewith. ER 404(b).

Here, evidence that Saunders was prohibited from contacting minors is irrelevant to whether he failed to register as a sex offender. The only issue was whether or not Saunders registered as a sex offender. A prohibition on contact with minors does not make that fact any more or less probable. That evidence should have been excluded, and counsel's failure to object was unreasonable given its complete lack of relevance and highly prejudicial nature.

Saunders testified that he completed a sex offender registration with PCSD on June 19. The State introduced testimony that PCSD had no record of Saunders's registering on that date. And, a PCSD employee testified that she could not recall PCSD ever misplacing a registration. The State argues that evidence of Saunders's movements and actions on community custody after his alleged failure to register was valid circumstantial evidence to show that the absence of a record of registration was not due to mistake. It further argues that the information was admissible to prove that Saunders's subsequent actions and failure to register were all a part of his "total absconsion" from DOC supervision.

5

This evidence does not show that Saunders failed to register. His noncompliance with community custody conditions could just as likely have taken place whether or not he registered. And, the State's "total absconsion" argument seeks to utilize evidence that Saunders avoided DOC after June 19 to show he was also avoiding DOC by failing to register on June 19. Evidence of bad character or other bad acts to show conformity therewith is inadmissible under ER 404(b). Had an objection been made, the trial court would not have allowed the evidence for that purpose.

In addition, this evidence was highly prejudicial. It implied that Saunders was a child molester and was avoiding his monitoring to move freely about Tacoma with no accountability, placing the community at risk. This would evoke a reaction from the jury that Saunders was a present danger to children in the community.

The State argues that counsel's failure to object was a legitimate strategic decision and therefore cannot be considered ineffective assistance of counsel. It argues that objecting to the testimony would have served only to draw attention to harmful but admissible evidence. The State's argument presupposes that the evidence would have been admissible. The State also argues that even if the evidence was inadmissible, defense counsel's decision not to object was valid because it prevented juror speculation. These arguments are devoid of merit.

We conclude that counsel's failure to object to prejudicial testimony from Saxon fell below an objective standard of reasonableness.

B. Improper Closing Arguments

Saunders also argues that counsel was ineffective for failing to object to improper closing argument from the prosecutor. He specifically objects to two statements made by the prosecutor during closing. He first takes issue with the following statement:

> And I've just gone over that with you previously in regards to him not registering upon release from custody on the 16th of June and from his own testimony not registering at all between July and October when he was put back into custody again, and that during that time period, the defendant knowingly failed to comply with the requirement of Sex Offender Registration.

He also takes issue with the following statement made later in closing:

> Now, the defendant clearly did not register between June 22 and July 7. And furthermore, we know from the testimony that he did not register from July until October. He failed his registration requirement, and that's very evident from the testimony you heard throughout this trial.

Saunders argues that these statements encouraged the jury to convict him based on his failure to register as a sex offender between July and October 2017, notwithstanding the fact that he was not charged for that time period in the information. The State argues that the prosecutor was merely pointing out Saunders's history of seeking to avoid supervision. The State's argument was improper, flagrant, and could not be cured by instruction to the jury. We see no legitimate reason why defense counsel failed to object to this line of argument. Counsel's failure to object fell below an objective standard of reasonableness.

II. Prejudice

To succeed on his ineffective assistance of counsel claim, Saunders must show that there is a reasonable probability that the result of his trial would have been different but for his counsel's errors. State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). He has met that burden here. Through the admission of evidence of Saunders's underlying offense, and his other violations of supervision, the State was able to turn the trial into a referendum on that conduct rather than on whether Saunders registered as he claimed on June 19. The jury was likely more receptive to this argument because the State impermissibly implied that he could be convicted because he had already admitted to not registering at another time.

The State argues that there is no prejudice here because there was overwhelming evidence of his guilt. The only evidence directly relevant to Saunders's claim that he had registered on June 19 is that PCSD had no record of that registration and a PCSD employee said that she could not recall PCSD ever misplacing a registration. The remaining evidence it points to, however, consists mostly of other noncompliant behavior by Saunders offered to suggest he must have acted the same way with respect to registration, including his admission that he was avoiding law enforcement after his alleged failure to register with PCSD. This is an impermissible method of attacking Saunders's credibility. The evidence against Saunders was not overwhelming. The overall evidence was Saunders's

8

testimony that he filled out the registration and the county's testimony that it did not have his registration.

It is reasonably likely that but for counsel's conduct, the result of the trial would have been different.

We therefore reverse and remand for a new trial. Because we find Saunders's ineffective assistance of counsel argument appropriate grounds for reversal, we decline to address his other arguments.

_Appelwick, J._

WE CONCUR:

_Chun, J._      _Andrus, A.C.J._