**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| In the Matter of the Estate of<br>LEEANNA RUTH MICKELSON,<br><br>                  Decedent.<br><br>JAMES A. MICKELSON,<br><br>                  Respondent,<br><br>                  v.<br><br>HEATHER MICKELSON, n/k/a<br>HEATHER BENEDICT,<br><br>                  Appellant.<br><br>AMAZON.COM, INC.,<br><br>                  Garnishee. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 80893-1-I<br><br><br><br><br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, C.J. — Heather Benedict appeals the trial court's award of attorney fees and sanctions in an intestacy proceeding she began on behalf of her mother. Benedict also appeals the trial court's order vacating a satisfaction of judgment. Because Benedict's claims are either untimely or not supported by relevant authority, we affirm.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

Leeana Mickelson died in May 2012. She was survived by her husband James Mickelson and their four adult children. Benedict is one of Mickelson's children. In May 2016, Benedict, acting pro se, filed a petition in Pierce County Superior Court seeking a determination that her mother died without a will. James[1] successfully moved to dismiss the petition because there was a valid community property agreement under which Leeanna's assets vested in James upon her death. Benedict appealed to Division Two of this court, which rejected her appeal in an unpublished decision.[2]

While the appeal was pending in Division Two, Benedict petitioned for an order of intestacy under King County Superior Court cause no. 16-4-06644-2. James successfully moved for dismissal, an award of attorney fees, and sanctions under CR 11. The trial court told Benedict that her actions amounted to harassment. Benedict appealed the dismissal to this court. We affirmed the dismissal in an unpublished decision and exercised our discretion under RAP 18.9 to impose sanctions payable to James for his attorney fees. We stated "[Benedict] has proceeded despite repeated warnings that her claims lack merit and that she should consult with an attorney before taking further action."[3]

Meanwhile, Benedict petitioned the King County Superior Court for letters of administration under a new King County cause no. 17-4-02196-0. On April 3, 2017, she was appointed personal representative of the estate. James successfully moved for

---

[1] Leanna and James Mickelson are referred to by their first names to avoid confusion. No disrespect is intended.

[2] In re Estate of Mickelson, No. 49056-1-II (Wash. Ct. App. Oct. 24, 2017) (unpublished) (Mickelson I), http://www.courts.wa.gov/opinions/pdf/D2%2049056-1-II%20Unpublished%20Opinion.pdf.

[3] In re Estate of Mickelson, No. 76955-3-I (Wash. Ct. App. Sept. 24, 2018) (unpublished) (Mickelson II), http://www.courts.wa.gov/opinions/pdf/769553.pdf.

revocation of the appointment and for an award of attorney fees and sanctions.[4]  In July 2017, the trial court awarded James $23,654.01 in attorney fees and $1,000 in sanctions, for a total award of $24,654.01.  Judgment was entered against Benedict for $24,654.01.  Benedict did not appeal the award of attorney fees or sanctions.

In August 2018, the trial court entered and James served a writ of garnishment on Benedict's employer, Amazon.  Amazon filed a first answer to the initial garnishment and sent a check for $347.75 to James's attorney on September 10, 2018.  Benedict then filed for bankruptcy, staying future collection.  James's attorney prematurely filed a satisfaction of judgment on August 6, 2019.[5]

James's counsel then moved to vacate the satisfaction of judgment, which the trial court granted on November 14, 2019.  On December 13, 2019, Benedict appealed the order vacating the satisfaction of judgment.  Benedict's appeal assigned error to the 2017 award of attorney fees and the order vacating the satisfaction of judgment.

## ANALYSIS

A.  Appeal of 2017 Award of Attorney Fees

We first address Benedict's challenge to the 2017 award of attorney fees and sanctions.

Under RAP 5.2(a), a notice of appeal must be filed in the trial court within 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed.  Because Benedict failed to timely appeal the award of attorney fees and sanctions, her claims are not properly before this court.

---

[4] Benedict appealed the order revoking the appointment to this court under cause no. 77076-4-I. Her appeal was dismissed as premature.  Mickelson II, slip op. 5.
[5] Amazon did not file a second answer to the writ of garnishment until December 26, 2019.

B. <u>Order Vacating the Satisfaction of Judgment</u>

While Benedict assigns error to the order vacating the satisfaction of judgment, she argues only that the prematurely filed satisfaction of judgment did not accurately reflect the garnishment amount.  Benedict fails to provide authority or relevant argument to demonstrate why the court erred by vacating the judgment.  We will not consider claims insufficiently argued by the parties.  <u>State v. Elliott</u>, 114 Wn.2d 6, 15, 785 P.2d 440 (1990).[6]

C. <u>Sanctions</u>

James requests that we sanction Benedict based on the frivolity of her appeal. We agree that sanctions are warranted.  Benedict has continued to file frivolous appeals despite numerous warnings that her claims lack merit.  We exercise our discretion under RAP 18.9(a) and award sanctions payable to James for attorney fees he has incurred in this appeal, subject to compliance with RAP 18.1.

Affirmed.

_____Mann, C.J._____

WE CONCUR:

_____          _____

---

[6] Benedict similarly fails to support her claim that any moneys garnished during the bankruptcy proceeding should be returned.