[No. 5238–5–II.  Division Two.  April 4, 1983.]

*In the Matter of the Marriage of* JOHN WHERLEY, *Respondent, and* MARIANNE MARIE WHERLEY, *Appellant.*

---

*Laird A. Pisto* and *Timothy Edwards,* for appellant.

*Robert Zuanich,* for respondent.

REED, J.—In February 1979, John and Marianne Wherley petitioned *jointly* for dissolution of their 12–year–old marriage. This appeal illustrates one consequence of having done so. Specifically, we hold that when parties petition

jointly for relief, neither party is entitled to notice before a decree of dissolution is granted pursuant to an ex parte hearing. Unfortunately, this appeal also illustrates the risk a pro se litigant assumes by undertaking self–representation.

The Wherleys' joint petition consisted of "do–it–yourself" forms which John filled out and Marianne signed and verified. The parties asked the court to award John the family home, household furnishings in his possession, a 1978 automobile, a 1975 motorcycle, John's retirement benefits and joint savings and checking accounts. John assumed all community debts. The parties asked the court to award Marianne the household furnishings in her possession, a 1971 automobile, Marianne's retirement benefits and savings and checking accounts in her name. The petition also provided that Marianne was to receive custody of the couple's two minor children and $200 per month child support. By John's own accounting, his net award was $12,200 and Marianne's was $1,200. On appeal Marianne contends that the disparity was much greater.

A decree of dissolution incorporating the property distribution requested in the petition was signed by a Pierce County Superior Court commissioner following an ex parte presentation by John Wherley. Sixteen months later Marianne sought relief from the decree. She argued in superior court that she had not received notice of the ex parte hearing as required by CR 6(d) and that she was the victim of fraud and overreaching; thus, that she was entitled to relief under CR 60(b)(4). The trial court denied the motion, concluding that notice was unnecessary, that there was insufficient evidence of fraud and overreaching, and that laches barred relief.

Mrs. Wherley does not challenge the trial court's finding of insufficient evidence to establish fraud and overreaching. Rather, her principal argument is that she was entitled to notice of the ex parte hearing and the entry of the decree. Mrs. Wherley relies upon (1) CR 6(d) which provides that an adverse party is entitled to a minimum of 5 days' notice

before a hearing upon a written motion, and (2) CR 55(a)(3) which establishes a minimum of 5 days' notice before a default judgment can be entered. Marianne also claims support from *In re Marriage of Mahalingam,* 21 Wn. App. 228, 584 P.2d 971 (1978), wherein the husband moved ex parte to transform a legal separation decree into one of dissolution. The trial court's denial of that motion was upheld on appeal because the husband had failed to give his wife 5 days' notice pursuant to CR 6(d).

The authority cited by Mrs. Wherley reflects fundamental due process principles. A review of those principles will help explain why we have concluded that the above cited authority does not control the present case; that is to say, the failure to notify Mrs. Wherley of the ex parte hearing does not entitle her to vacation of the dissolution decree.

Before a party is deprived of a property interest, that party is entitled to notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950). These safeguards serve to minimize the risk of mistake or substantial unfairness. *Fuentes v. Shevin,* 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972). How much protection is necessary depends on the particular situation. *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972). Ordinarily, the protection afforded by notice and an opportunity to be heard is necessary because the parties are adversaries in the sense that one party opposes the relief sought by the other. Here, an unusual circumstance exists. The Wherleys joined in a common prayer for relief, as they were entitled to do. RCW 26.09.020(2). Accordingly, there existed no contested issues. Under these circumstances, the risk of erroneous determination is negligible—provided the relief granted does not differ substantially from that sought in the petition.

We do not mean to imply that giving notice was not a preferable course of action. Here, however, the failure to do so did not vitiate the court's decree. Put another way, Mrs. Wherley has failed to establish prejudice; she got exactly

what she prayed for in her petition.

Mrs. Wherley has fashioned her arguments under the misconception that a "default" decree was entered.[1] Although our discussion above disposes of the issue of notice, we will address this mischaracterization in order to respond fully to Mrs. Wherley's arguments. A default decree is available to a plaintiff against a procrastinating defendant. Ordinarily, it is available after the time for filing an appearance or answer has expired. 47 Am. Jur. 2d *Judgments* § 1155 (1969). Because the Wherleys joined in their petition, no summons was necessary nor was a response required. CR 4.1(a). Consequently, the concept of "default" has no application in this context. The decree was entered by *consent,* not default.

The sole question remaining is whether the denial of Mrs. Wherley's motion to vacate the decree constituted a clear abuse of the trial court's discretion. *See Morgan v. Burks,* 17 Wn. App. 193, 563 P.2d 1260 (1977). Mrs. Wherley abandoned her argument below that the decree should be vacated because of fraud and overreaching. Having found that no notice was necessary prior to the hearing and entry of the decree, we conclude that the trial court did not abuse its discretion by refusing to vacate the decree based on the grounds urged below. We note that for the first time on appeal Mrs. Wherley cites CR 60(b)(11) as additional support for her position. This argument comes too late. *Cameron v. Downs,* 32 Wn. App. 875, 650 P.2d 260 (1982).

Although there may be circumstances of which we are unaware, the record before us suggests that it may not have been in Mrs. Wherley's best interest to sign the petition for dissolution. Nevertheless, she not only signed the petition, she verified it as well. In doing so she represented to the court the correctness and accuracy of its contents.

---

[1]Mrs. Wherley's confusion is understandable. At the time Mrs. Wherley signed the petition, Mr. Wherley presented her with a summons advising her that she had 20 days within which to respond or judgment would be rendered against her. Also, without notice, Mr. Wherley took an order of default.

A verified assertion in a pleading is a conclusive concession of the truth of the matter pleaded. Such an assertion is not treated procedurally as evidence, but it may be relied upon by the parties and the court as part of the case.

*Brecher v. Gleason,* 27 Cal. App. 3d 496, 499 n.1, 103 Cal. Rptr. 831 (1972). Mrs. Wherley may not have understood the full effect that signing the documents would have on her property rights. Unfortunately for her, the law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws. *Bly v. Henry,* 28 Wn. App. 469, 624 P.2d 717 (1980); *Bonney Lk. v. Delany,* 22 Wn. App. 193, 588 P.2d 1203 (1978); *State v. Miller,* 19 Wn. App. 432, 576 P.2d 1300 (1978).

Affirmed.

WORSWICK, A.C.J., and PETRIE, J., concur.

Reconsideration denied May 10, 1983.

Review denied by Supreme Court September 30, 1983.