IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STEVEN M. HEEB, | ) | |
| | ) | No. 30660-7-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE ANGEL SOLEDAD, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent. | ) | |

SIDDOWAY, A.C.J. — Following a several-hour bench trial in which Steven Heeb, appearing pro se, presented his civil cause of action against Jose Soledad, also appearing pro se, the trial court took the matter under advisement. It ultimately dismissed, on the merits, two claims it had been able to glean from Mr. Heeb's presentation. It also dismissed Mr. Heeb's complaint generally for pleading insufficiency under CR 8(a).

Mr. Heeb appeals. His appellate briefing falls too far short of the requirements of the appellate rules to warrant review. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Steven Heeb commenced the action below in 2009 with a pro se complaint alleging "fraudulent statements" and "wrongful acts to obstruct owner of his personal property." Clerk's Papers (CP) at 1-4 (capitalization omitted). The trial court's

memorandum decision filed following a half-day bench trial includes 18 findings of fact. Mr. Heeb has not assigned error to any of them.

Briefly, Mr. Heeb at one time owned a parcel of real property located in Adams County described as Lot 2, Benchview Heights Short Plat. Domestic water was provided to Lot 2 by the Saddle Mountain Water Association, a community water utility, which Mr. Heeb joined as a member. He installed a service line to his property from a Saddle Mountain distribution line, reportedly at a substantial expense.

Mr. Heeb lost Lot 2 in 2004 when it was sold at public auction to satisfy an unsatisfied judgment obtained against him by his former lawyer, Carl Warring. Mr. Heeb did not redeem the property. It was sold by Mr. Warring to Mr. Soledad. After that sale, Mr. Heeb told Mr. Soledad that the right to obtain water from Saddle Mountain was personal to Mr. Heeb and that Mr. Soledad had no water rights for Lot 2. For many years thereafter, Mr. Soledad had an ongoing dispute with Mr. Heeb over whether Mr. Soledad had a right to purchase water from Saddle Mountain and use the service line to Lot 2.

In October 2010, the Saddle Mountain water service to Mr. Soledad's home was disrupted. Mr. Soledad believed he saw Mr. Heeb on or near his property on the day of the service disruption and concluded that Mr. Heeb cut his line. He reported his suspicions to the Adams County sheriff, which took action against Mr. Heeb based on this report.

2

In 2011, Mr. Soledad arranged for a well to be drilled on Lot 2 to resolve the water dispute with Mr. Heeb once and for all. Mr. Soledad has not used water from Saddle Mountain or claimed entitlement to such service since July 2011.

Following the bench trial of Mr. Heeb's claims, the trial court observed that "[b]ecause the parties were pro se and untrained in the law, they both had a very difficult time presenting evidence and argument at trial." CP at 117. Since Mr. Heeb had initiated the civil action, however, the court pointed out that he had the burden of coming forward with evidence and proving his claims. Mr. Heeb's evidence, however, "was confusing, disjointed, and to a very large extent irrelevant," and while Mr. Heeb expressed extreme anger and frustration toward Mr. Soledad, he "had difficulty articulating the legal theory or theories underlying [his] lawsuit." CP at 118.

The trial court concluded that Mr. Heeb was seeking damages from Mr. Soledad for defamation of character, for falsely accusing him of cutting his water line in 2010. It also concluded that Mr. Heeb was requesting some type of determination that Mr. Soledad had no legal right to obtain or use water from the Saddle Mountain Water Association.

The trial court found that Mr. Heeb suffered no injury by reason of Mr. Soledad's use of water or assertion of water rights from Saddle Mountain. CP at 121 (Finding of Fact 17). It found that he had established no personal injuries, economic losses, or other monetary damages resulting from any reports or statement Mr. Soledad may have made

to the Adams County sheriff. CP at 122 (Finding of Fact 18). Because Mr. Heeb did not

assign error to either finding, they are verities on appeal. RAP 10.3(g); *Moreman v.*

*Butcher*, 126 Wn.2d 36, 39, 891 P.2d 725 (1995).

The court's legal conclusions included its conclusion that the water service line or

lines installed on Lot 2 were fixtures and thereby a part of the real property that Mr. Heeb

lost when Lot 2 was sold at the sheriff's sale. It concluded that Mr. Soledad was not

negligent or at fault in making the reasonable good faith report to the Adams County

sheriff concerning the disruption in his water service. It concluded that Mr. Heeb had not

demonstrated a claim against Mr. Soledad for the use of water from the Saddle Mountain

Water Association and that the issue was moot in any event, in light of Mr. Soledad's

substitution of a well. In addition to dismissing the perceived claims on the merits, the

court dismissed Mr. Heeb's action "procedurally and as a matter of law for failing to

comply with the requirements of CR 8(a)." CP at 123.[1]

Mr. Heeb appeals.

---

[1] Mr. Heeb's complaint had alleged that "Jose Angel Soledad made fraudulent statements to the sheriff[']s office stating Steven Heeb who was driving a white truck that day cut his water line. Seven M Heeb is requesting damages in the amount of two hundred and fifty thousand dollars for the wrongful intent of actions brought upon Steven M Heeb." CP at 4 (capitalization omitted).

4

ANALYSIS

Mr. Heeb's brief does not comply with our rules on appeal. RAP 10.3(a)(4) requires a petitioner to provide "[a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." RAP 10.3(a)(5) requires "[a] fair statement of the facts and procedure relevant to the issues presented for review, without argument." RAP 10.3(a)(6) provides that an appellant's brief must contain his argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record.

Mr. Heeb's brief on appeal points to over 35 portions of the record that we assume reflect errors he believes were made by the trial court. The unnumbered references to the record merely point to quotations from the transcript without identifying precisely how the trial court erred. The following is an example:

> Page 33 Line 9 Soledad says that I am the only guy that make my water cut.
> Line 12 I ask him if it is logical that he accuses me of cutting the
> water line without anyone seeing me do it.
> Line 15 Soledad admits that he did so and they arrested me for it.

Br. of Appellant at 5 (capitalization omitted).

Mr. Heeb does not provide a statement of the case. Instead he refers this court to "examine all these documents and exhibits and the ones that are described in the transcripts of this case." *Id.* at 11 (capitalization omitted).

5

Finally, Mr. Heeb's argument is merely one paragraph. It contains no legal authority and no citation to the record. This court declines to address arguments unsupported by citation to authority or argument. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Pro se litigants are bound by the same rules of procedure and substantive law as attorneys. *Holder v. City of Vancouver*, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). The law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws. *In re Marriage of Wherley*, 34 Wn. App. 344, 349, 661 P.2d 155 (1983) (citing *Bly v. Henry*, 28 Wn. App. 469, 624 P.2d 717 (1980)).

We decline to review Mr. Heeb's argument on appeal in light of these inexcusable lapses from our rules. That being said, it appears that the capable and patient trial judge was as accommodating as he could be of the shortcomings of Mr. Heeb's presentation, given the duty of fairness that he owed to Mr. Soledad as well. We see nothing in the record or Mr. Heeb's brief that suggests that the trial court's decision was in error in any respect.

6

No. 30660-7-III
*Heeb v. Soledad*

Affirmed.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

7