FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2017 APR 24 AM 8: 57

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GREENPOINT MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6, its successors in interest and/or assigns,<br><br>                    Respondent,<br><br>          v.<br><br>PAUL A. SCHMIDT,<br><br>                    Appellant. | No. 74776-2-I<br><br><br><br><br><br><br>UNPUBLISHED OPINION<br><br>FILED: April 24, 2017 |

VERELLEN, C.J. — Paul Schmidt failed to provide legal argument or factual assertions in opposition to U.S. Bank's motion for summary judgment. Because pro se litigants must follow the same procedural and substantive laws as attorneys and Schmidt failed to establish any genuine issue as to any material fact, the King County Superior Court did not err when it granted U.S. Bank's motion for summary judgment.

We affirm.

## FACTS

In a deed of trust foreclosure, lender U.S. Bank filed a motion for summary judgment. Borrower Paul Schmidt represented himself at the hearing, but did not file a written response. On Schmidt's oral motion, the court set the hearing over to January 9,

2016, and struck the trial date. The court advised Schmidt that he was expected to provide a written response. The court clarified, "And we'll reset the trial date at the summary judgment hearing if necessary." The court explained, "That means if the summary judgment is granted because there's no factual issues, then the case will be over. If it's not granted, then we'll set a trial date so that any issues that are not factual issues can be resolved."[1] Schmidt responded, "Okay."[2]

Schmidt filed a response on January 8, 2016. The response said:

> I AM OPPOSED TO SUMMARY JUDGEMENT WITHOUTH [sic] ORAL ARGUMENT AND DO NOT ARGREE [sic] TO IT.

> LCR 56 THE COURT SHALL DECIDE ALL SUMMARY JUDGMENT MOTIONS AFTER ORAL ARGUMENT, UNLESS THE PARTIES WAIVE ARGUMENT.[3]

Schmidt's response did not include any factual assertions or legal argument.

On January 26, 2016, the parties appeared for the continued hearing. The trial court explained that Schmidt needed to provide more than a citation to LCR 56. The court engaged in an extended discussion with Schmidt about his failure to substantively respond to U.S. Bank's motion for summary judgment despite having been granted the continuance. The court denied Schmidt's request for another continuance and granted U.S. Bank's motion for summary judgment.

Schmidt appeals.

---

[1] Report of Proceedings (Dec. 11, 2015) at 12.
[2] Id.
[3] CP at 50.

## ANALYSIS

We review a motion for summary judgment de novo.[4] But here, where Schmidt has made no challenge to the substance of the summary judgment and only challenges the procedures followed by the trial court, we review for abuse of discretion.[5] A court abuses its discretion when it bases its decision on unreasonable or untenable grounds.[6]

"'[T]he law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel–both are subject to the same procedural and substantive laws.'"[7]

On appeal, Schmidt focuses on his own misapprehensions. He notes "INSTRUCTIONS UNCLEAR, TRIAL TOOK PLACE ALTHOUGH ALL TRIAL DATES HAD BEEN STRICKEN."[8] But the trial court's instructions were clear. And there was no trial; this matter was resolved on summary judgment. Schmidt failed to provide facts, legal argument, or any substantive response suggesting a genuine issue of material fact requiring a trial.

He claims the docket includes misleading labels, and he thought there was a two-step process: first, a declaration saying he opposed summary judgment, followed

[4] Keck v. Collins, 181 Wn. App. 67, 82-83, 325 P.3d 306 (2014), affirmed, 184 Wn.2d 358 (2015).

[5] Lake Chelan Shores Homeowners Ass'n v. St. Paul Fire & Marine Ins. Co., 176 Wn. App. 168, 183, 313 P.3d 408 (2013) ("A trial court's denial of a motion to compel or a CR 56(f) motion for a continuance are reviewed for an abuse of discretion.").

[6] Clarke v. Office of Attorney Gen., 133 Wn. App. 767, 777, 138 P.3d 144 (2006).

[7] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)).

[8] Appellant's Br. at 6.

by a separate proceeding. But as the trial court recognized, that perception does not make any sense under the rules governing summary judgment.[9]

Alternatively, he argues U.S. Bank failed to include a copy of LCRLJ 56 with its motion for summary judgment. LCRLJ 56 only applies to district or municipal courts and has no application here.

We affirm.

WE CONCUR:

---

[9] CR 56.