

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| MARGARET GEORGE, an individual, | ) | No. 76661-9-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WINCO FOODS, LLC, a Delaware limited liability company, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: September 24, 2018 |
| | ) | |

VERELLEN, J. — Margaret George appeals from the summary judgment dismissal of her negligence action against WinCo Foods, LLC. George contends the trial court erred by denying her motion to continue the summary judgment hearing a second time. Because George does not show that the trial court's decision was an abuse of discretion, we affirm.

## FACTS

On May 5, 2016, Margaret George sued WinCo Foods, claiming she slipped and fell on a clear waxy substance at a WinCo grocery store in June 2015. The case schedule set a discovery cutoff date of March 13, 2017 and a trial date of May 1, 2017.

On January 19, 2017, WinCo filed a motion for summary judgment dismissal to be heard on February 24, 2017. WinCo supported its motion with the declaration of WinCo employee Steven Kneller, who stated that George called

WinCo after her fall and "said that she didn't see anything on the floor."[1] Kneller reviewed surveillance camera video, determined where George fell, and examined the area. According to Kneller, "[t]here was nothing on the floor" and "[t]he floor was clean."[2] WinCo also attached a copy of surveillance camera video footage showing George's fall.

George did not file a response to the summary judgment motion. On February 23, 2017, the day before the summary judgment hearing, George, acting pro se, filed a motion for a subpoena duces tecum in an attempt to compel WinCo to provide her with a copy of security camera footage of the incident as well as a list of all cleaning or waxing supplies used prior to the incident.

At the hearing, the trial court noted that George had not filed a response to WinCo's summary judgment motion. George admitted that she had a busy work schedule and personal life and had not had time to file a response to the motion. The trial court asked if George needed a continuance of the hearing, and George agreed that she did. The trial court explained both the state and local civil rules governing summary judgment motions and informed George she would be required to follow them. After consulting with the parties about their schedules, the trial court continued the motion for summary judgment to March 10, 2017. By the second hearing date, George had still not filed a response to the summary judgment motion. Instead, George filed a motion to continue the summary judgment hearing a second time. George stated that she had not yet been able to

---

[1] Clerk's Papers (CP) at 108.

[2] CP at 109.

view the surveillance camera video footage. George again claimed she needed additional time to obtain from WinCo a list of the cleaning products the store used, and to locate "an expert floor witness" to testify.[3]

> I do believe that it would be premature to dismiss this case at this time, simply because I am continuing to accumulate evidence. And there's supposed to be sort of an intermediary period where evidence is accumulated. And I'm – I'm still doing that. Yes, I will – I do intend on bringing in a floor expert. But in addition to that, I am also requesting additional surveillance, and I am also requesting a list of the cleaning . . . products that were used on that date.

> . . . .

> And so I respectfully request that this case not be dismissed on the basis that there are a lot of factors that absolutely need to be researched and there's just a lot of evidence that's lying around that I have not yet had access to.[4]

The trial court denied the request for a second continuance, noting the discovery cutoff date was three days away and George would not have time to conduct any additional discovery. After reviewing WinCo's motion, the supporting affidavits and the surveillance camera video footage, the trial granted WinCo's summary judgment motion and dismissed the case with prejudice. George appeals.

## DECISION

George contends that the trial court erred in denying her request for a continuance.[5] We review a trial court's denial of a CR 56(f) motion for abuse of

---

[3] CP at 13.

[4] Report of Proceedings (Mar. 10, 2017) at 35-36, 38.

[5] George does not appear to challenge the summary judgment order itself.

discretion.[6] "A court abuses its discretion when it bases its decision on unreasonable or untenable grounds."[7]

CR 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that, for reasons stated, the party cannot present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"A party seeking a continuance must provide an affidavit stating what evidence it seeks and how this evidence will raise an issue of material fact precluding summary judgment."[8] A court may deny a CR 56(f) motion for continuance where "(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact."[9]

Here, George failed to establish any reason for the delay in obtaining evidence other than her pro se status and her own busy schedule. Moreover, George did not identify how the evidence sought would raise a genuine issue of material fact. At best, George was only able to speculate that additional

---

[6] Barkley v. GreenPoint Mortg. Funding, Inc., 190 Wn. App. 58, 71, 358 P.3d 1204 (2015).

[7] Clarke v. State Attorney General's Office, 133 Wn. App. 767, 777, 138 P.3d 144 (2006).

[8] Barkley, 190 Wn. App. at 71.

[9] Tellevik v. Real Property Known as 31641 West Rutherford Street, 120 Wn.2d 68, 90, 838 P.2d 111 (1992) (quoting Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989)).

information would help her understand what had happened. The trial court did not abuse its discretion in declining to continue the summary judgment hearing a second time.

George argues that the trial court erred in denying the second continuance because she was unaware that she needed to provide affidavits in opposition to WinCo's summary judgment motion, and she was unaware of the case schedule. She also contends that she did not understand how to file pleadings or serve them on opposing counsel. George argues the trial court denied her request for a second continuance on technicalities. But complying with the case schedule and timely filing a proper response to a motion for summary judgment are not technicalities. A pro se litigant is held to the same standard as an attorney, including compliance with all procedural rules.[10] And George's claims regarding her attempts to file documents rely on matters outside the record, which this court will not consider on appeal.[11] George fails to establish that the trial court's decision was an abuse of discretion.

Finally, George appears to argue that she received ineffective assistance of counsel from an attorney who represented her earlier in the proceedings. Again, however, this claim relies on materials outside the record. Moreover, ineffective

---

[10] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)).

[11] See RAP 9.12 ("On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court."). As part of the record on appeal, George filed a "statement of arrangements" in which she attaches approximately 30 pages of e-mails and other documents that were not before the trial court. Because these materials were not submitted to the trial court, we decline to consider them.

assistance of counsel is not grounds for reversal in a civil matter such as this one.[12]

We affirm the summary judgment dismissal of George's lawsuit.[13]

WE CONCUR:

_____
Andrus, J.

_____
Verellen, J.

_____
Becker, J.

---

[12] Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985).

[13] Citing to both RAP 9.10 and RAP 9.11, George asks to supplement the record with a May 17, 2017 affidavit from her chiropractor's office detailing George's self-report of her injury and the treatment she received. Only RAP 9.11 is relevant here as RAP 9.10 involves the procedure to request that additional portions of an already existing trial record be transmitted to the appellate court. The affidavit offered by George was not part of the trial court record. RAP 9.11 authorizes us, in our discretion, to direct that additional evidence be taken before the decision on review if a party satisfies the following six elements: "(1) additional proof of facts is needed to fairly resolve the issues on review, (2) the additional evidence would probably change the decision being reviewed, (3) it is equitable to excuse a party's failure to present the evidence to the trial court, (4) the remedy available to a party through postjudgment motions in the trial court is inadequate or unnecessarily expensive, (5) the appellate court remedy of granting a new trial is inadequate or unnecessarily expensive, and (6) it would be inequitable to decide the case solely on the evidence already taken in the trial court. George fails to show that all of these factors are met. The facts in the affidavit are not necessary to resolve the issue on review because, even if George presented evidence of injury, she did not establish a genuine issue of material fact as to any of the other elements of a negligence action, nor did she meet the requirements of CR 56(f) for a continuance. Moreover, this evidence was available to George at the time of the summary judgment hearing, and she does not establish an equitable basis to excuse her failure to present it. We deny the motion to supplement the record.