IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RYAN N. LANGLAND, | No. 81768-0-I |
| Respondent, | |
| v. | DIVISION ONE |
| JENNIFER LANGLAND n/k/a YOUNG,[†] | UNPUBLISHED OPINION |
| Appellant. | |

CHUN, J. — Representing herself, Jennifer Langland nka Harley Jen Lee Young appeals a parenting plan. But she has not filed an actual parenting plan bearing the trial court's signature or made it part of the record on appeal, despite being given an additional opportunity to do so. We dismiss the appeal.

## I. BACKGROUND

Young and Ryan Langland[1] have two children together, A.L. and K.L. For some time, A.L. and K.L. lived with Young and her then husband Justin Griffith, and their child P.G. On August 3, 2018, Langland filed a Petition to Change a Parenting Plan, Residential Schedule, or Custody Order with Snohomish Superior Court. According to his petition, the court entered the prior parenting plan on February 27, 2013 and provided the parties joint custody. In September 2018, Langland took "emergency custody" of the children. Representing herself, on August 25, 2020, Young filed an appeal and notice of discretionary review of a

---

[†] Appellant's current name is Harley Jen Lee Young.
[1] We refer to appellant as Young and to respondent as Langland.

Citations and pin cites are based on the Westlaw online version of the cited material.

parenting plan. But she did not attach a copy of the parenting plan. A commissioner of this court entered a notation ruling directing Young "to file a copy or copies of the signed order or orders of which she seeks review on or before September 11, 2020."

On September 11, Young filed a parenting plan document with this court. She did not submit the parenting plan as part of the record. The document bears the parties' signatures and is dated July 21, 2020. A box checked on the parenting plan states, "This is a court order (if signed by a judge or commissioner below)." But the document does not include a judicial officer's signature or bear a court stamp. The parenting plan purports to limit Young's time with A.L. and K.L. to supervised visitations until the children turn 15 years old. And it purports to give Langland major decision-making authority for their care.

## II. ANALYSIS

Preliminarily, we note that Young represents herself on appeal. While we recognize the difficulties of self-representation, "'the law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws.'" In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)). In other words, we hold pro se litigants to the same standards as attorneys. Both must comply with all procedural rules on appeal, including the rule that the appellant bears the burden of providing a sufficient record to review their claims. State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012).

2

Pertinent here, "[t]he 'record on review' may consist of (1) a 'report of proceedings', (2) 'clerk's papers', [and] (3) exhibits." RAP 9.1(a); RAP 9.2(b) ("A party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues raised on review."); RAP 9.6(b)(1)(D) ("The clerk's papers shall include, at a minimum: . . . any written order or ruling not attached to the notice of appeal, of which a party seeks review"). "Any party may supplement the designation of clerk's papers and exhibits prior to or with the filing of the party's last brief." RAP 9.6(a).

If the record is not sufficient to review the issues the appellant raises, "the appellate court may, on its own initiative or on the motion of a party (1) direct the transmittal of additional clerk's papers and exhibits, . . . or (2) correct, or direct the supplementation or correction of, the report of proceedings." RAP 9.10. This court can also "'decline to address a claimed error when faced with a material omission in the record.'" Sisouvanh, 175 Wn.2d at 619 (quoting State v. Wade, 138 Wn.2d 460, 465, 979 P.2d 850 (1999)).

A commissioner of this court directed Young "to file a copy or copies of the *signed* order or orders of which she seeks review on or before September 11, 2020. (Emphasis added.) She did not submit a signed order. And neither the record nor any of the filings in this appeal, including the notice of appeal, contain a parenting plan signed by the trial court.

The record also lacks any clerk's papers or report of proceedings that would confirm that the parenting plan Young filed was indeed entered by the

3

court.[2]  And the respondent has not provided briefing confirming that the parenting plan Young filed is the final parenting plan.  Without an adequate record, we cannot rely on the parenting plan Young filed to evaluate her claims.[3]

We dismiss the appeal.

Chun, J.

WE CONCUR:

_____          _____

---

[2] We recognize that Young wrote that she could not afford the transcripts, and note that our Supreme Court denied her motion for expenditure of public funds on March 3, 2021.

[3] There may be additional procedural deficiencies with this appeal.  For example, appellants must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6).  We will not consider insufficiently argued claims. State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990).  Young asserts many assignments of error.  She cites three statutes but does not explain how they support her argument.  She also discusses many legal concepts without citation to applicable legal authority.