IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JENNIFER M. JENKINS,<br><br>                Appellant,<br><br>        v.<br><br>CHARLES D. COREY,<br><br>                Respondent. | No. 85125-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Jennifer Jenkins appeals a judgment entered in favor of Charles Corey following a January 2023 jury trial. Because she fails to provide an adequate record to enable appellate review, we dismiss the appeal.

BACKGROUND

From the parties' briefing and the judgment designated for review, we glean that Jenkins filed a lawsuit against Corey in Snohomish County Superior Court stemming from a 2019 vehicle collision. A jury trial resulted in a verdict in Corey's favor, and Jenkins filed a notice of appeal.

Jenkins alleges a variety of trial errors and irregularities in the proceedings below and seeks an award of damages or remand for a new trial. Among other things, Jenkins claims that unknown individuals impersonated key witnesses at trial; jury instructions were flawed; defense counsel engaged in misconduct and violated certain criminal statutes; defense counsel's law firm colluded with medical

providers to produce altered medical records; and the court admitted fraudulent evidence related to Jenkins's driving record.

DISCUSSION

Preliminarily, we note that Jenkins represents herself on appeal. While we recognize the difficulties of self-representation, " 'the law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws.' " In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)). In other words, we hold pro se litigants to the same standards as attorneys. Id. Both must comply with all procedural rules on appeal, including the rule that the appellant bears the burden of providing a sufficient record to review their claims. State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012).

Pertinent here, "[t]he 'record on review' may consist of (1) a 'report of proceedings', (2) 'clerk's papers', [and] (3) exhibits." RAP 9.1(a). The Rules on Appeal further state that "[a] party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues raised on review," RAP 9.2(b), and "[t]he clerk's papers shall include, at a minimum," the summons and complaint and jury instructions given. RAP 9.6(b)(1)(C), (G). This court may either " 'decline to address a claimed error when faced with a material omission in the record' " or "simply affirm the challenged decision if the incomplete record before us is sufficient to support the decision."

Sisouvanh, 175 Wn.2d at 619 (quoting State v. Wade, 138 Wn.2d 460, 465, 979 P.2d 850 (1999)).

Here, the record on appeal includes only 12 trial exhibits that appear to depict vehicle damage and injuries. The record does not include any clerk's papers or report of proceedings that would explain the significance of the exhibits or allow this court to evaluate any of the claims Jenkins raises.[1] In the context of Jenkins's assertions of trial errors and irregularities, the omissions are fatal to her claims.

We further note that additional deficiencies present a barrier to our review. Appellants must, for example, provide "assignments of error," and "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(4), (6). And parties may not include material in an appendix to a brief that is not contained in the record on review. RAP 10.3(a)(8). Yet Jenkins fails to identify specific assignments of error, cites only criminal statutes in this appeal of a civil case, references legal concepts without citation to applicable legal authority, and provides as "exhibits" attached to her opening brief material that is not part of the record on review. This court will not consider insufficiently argued claims. State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990). Nor will we consider material attached to briefing that is outside the appellate record. Bartz v. State Dep't of Corr. Pub. Disclosure Unit, 173 Wn. App. 522, 528 n.7, 297 P.3d 737 (2013).

---

[1] We note that Jenkins sought authorization for the preparation of verbatim reports of proceeding at public expense. In a June 2023 letter, the Supreme Court informed Jenkins that, based on recent changes to RAP 15.2, it would take no action on the request.

The record before us is insufficient to allow us to review Jenkins's arguments. Accordingly, we dismiss the appeal.

_Chung, J._

WE CONCUR:

_Birk, J._           _Dwyer, J._