IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HOLLY LYON,<br>　　　　　　Appellant,<br><br>v.<br><br>ZACHARY GIBSON,<br>　　　　　　Respondent. | No. 86258-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Holly Lyon appeals from the entry of an amended parenting plan granting primary custody of her two children to her former spouse, findings on the petition to change a parenting plan, child support order, and temporary restraining order restricting her contact with the children. Lyon fails to articulate any error in entry of the trial court's orders. Accordingly, we affirm the decisions of the trial court.

FACTS

Zachary Gibson and Lyon have two children together: E.G. and S.G. Gibson and Lyon were previously married and their marriage was dissolved on January 28, 2020. The final parenting plan granted primary custody to Lyon. Lyon married Bryan Lyon in 2020 and relocated to Oregon with the children. In 2021, Lyon and her husband had a child, I.L.

On April 18, 2022, 10-month-old I.L. was admitted to Doernbecher Children's Hospital in Portland, Oregon weighing only 10.8 pounds. Lane County Designated

Medical Provider, Dr. St. Germain, determined that I.L.'s growth curve decline was profound and life threatening. According to Dr. St. Germain, there were no underlying medical issues that would explain why I.L. was not gaining weight and the only explanation was lack of food.

Gibson subsequently filed a petition to change the parenting plan. At a forensic interview conducted by government employees in Oregon, both E.G. and S.G. disclosed that Lyon and her husband withheld food from them. Both children reported needing to sneak food and S.G. reported that she would have to eat from the sink or garbage can. The children also reported witnessing multiple incidents of domestic violence between Lyon and her husband.

Based on their investigation, Oregon Child Protective Services entered founded findings of abuse and neglect of E.G., S.G., and I.L. by Lyon and her husband. Lyon's husband was convicted of child mistreatment in the first degree, a felony. Although Lyon stopped residing with her husband, she continued to have daily contact with him and the two remained married.

The King County Superior Court conducted a three-day trial on Gibson's petition in January 2024. Prior to trial, the parties submitted a joint statement of evidence to the court attaching all of the exhibits they wished to have admitted. While Gibson objected to some of Lyon's proposed exhibits, Lyon did not object to any of Gibson's proposed exhibits. Ultimately, the trial court admitted all of the exhibits offered by the parties.

At trial, Lyon asserted that all of the reports of neglect were false and were the product of a conspiracy between Gibson and Child Protective Services in Lane County, Oregon. The trial court found that Lyon's testimony was not credible. The court also

found that any restriction or limitation short of no contact with Lyon would not protect the children from further abuse. Based on its findings, the trial court concluded that restrictions were warranted under RCW 26.09.191. The trial court therefore granted Gibson's petition, awarded him full custody of the children, and entered a restraining order prohibiting Lyon from contacting the children until December 31, 2029, unless the parties engaged in reconciliation therapy.

The trial court entered an order of child support directing Lyon to pay Gibson $780 per month in child support. The court also found that Lyon was intransigent and ordered her to pay $35,268 to Gibson for attorney fees.

Lyon appeals.

DISCUSSION

Lyon represents herself on appeal. While we recognize the difficulties of self-representation, "'the law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws.'" In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)). In other words, we hold pro se litigants to the same standards as attorneys. Id.

Pro se litigants, like those represented by counsel, must comply with all procedural rules on appeal. Id. In their opening brief, appellants must provide "assignments of error," and "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(4), (6). This court will "not address issues that a party neither

raises appropriately nor discusses meaningfully with citations to authority." Saviano v. Westport Amusements, Inc., 144 Wn. App. 72, 84, 180 P.3d 874 (2008) (citing RAP 10.3(a)(6)). "We also decline to consider facts recited in the briefs but not supported by the record." Sherry v. Fin. Indem. Co., 160 Wn.2d 611, 615 n.1, 160 P.3d 31 (2007) (citing RAP 10.3(a)(5), 13.4(c)).

### Exhibits

Lyon asserts that the trial court erred in admitting various exhibits because they contained inadmissible hearsay statements. RAP 2.5(a) provides, "The appellate court may refuse to review any claim of error which was not raised in the trial court." Near the beginning of trial, the trial court asked Lyon if she had any objections to Gibson's exhibits 1 through 99. Lyon responded that she objected to anything having to do with her criminal case. The trial court then asked Lyon to identify the numbers of the exhibits she was objecting to, to which Lyon replied "No. Just do them all. It's fine, Your Honor." Lyon also indicated that she had no objections to exhibits 301 through 306. Lyon did not object to any of Gibson's exhibits on the basis of hearsay. Because Lyon did not make any hearsay objections, her argument is waived and we decline to consider it further.

### Judicial Bias

Lyon contends that the trial court was biased against her and was therefore required to recuse herself. Specifically, Lyon asserts that the trial court prevented her from presenting her case and made its ruling without reviewing the evidence she submitted. We disagree.

A trial court is presumed to act without bias or prejudice, and the party claiming bias must demonstrate otherwise. State v. Hecht, 2 Wn. App. 2d 359, 369, 409 P.3d

4

1146 (2018). "Casual and unspecific allegations of judicial bias provide no basis for appellate review." Rich v. Starczewski, 29 Wn. App. 244, 246, 628 P.2d 831 (1981).

"Trial judges have wide discretion to manage their courtrooms and conduct trials fairly, expeditiously, and impartially." In re Marriage of Zigler & Sidwell, 154 Wn. App. 803, 815, 226 P.3d 202 (2010) (citing State v. Johnson, 77 Wn.2d 423, 426, 462 P.2d 933 (1969)). A judge also has discretion to interject to keep witnesses on track to avoid repetitious or wholly irrelevant testimony. Lake Hills Investments LLC v. Rushforth Constr. Co., Inc., 14 Wn. App. 2d 617, 643-44, 472 P.3d 337 (2020), rev'd on other grounds, 198 Wn.2d 209, 494 P.3d 410 (2021). Here, Lyon attempted to question witnesses about events that occurred prior to entry of the original parenting plan. This testimony was not relevant to Gibson's petition to amend the parenting plan, as any amendment must be based on "facts that have arisen since the prior decree or plan or that were unknown to the court at the time of the prior decree or plan." RCW 26.09.260(1). The trial court did not exhibit bias or abuse its discretion by keeping Lyon focused on the relevant issues.

Similarly, the record demonstrates that the trial court did not refuse to review the exhibits Lyon submitted. Lyon quotes the trial court's statement during closing arguments, "Even if it's admitted into evidence, do not assume I read all three-hundred documents." The entirety of the trial court's statement is as follows:

> So let me just, for your benefit, Ms. Lyon, this is your opportunity to make argument to the Court, and to the extent that you – let me give you kind of a pro tip – it's quite helpful to the Court to reference specific exhibits, documents that lend support for your argument. So if there's something you think I should look at, some exhibit that you think is particularly pertinent to anything that you are saying, it's a good opportunity to say, you know, tell the Court look at exhibit blah blah blah and that will show this Court blah blah blah. So, you know, there's a lot of exhibits in this

case and if you think there are – and I want to be very clear, just so you know, the Court, just because put it in ShareFile, do not assume that it's been read by me. Even if it's admitted into evidence, do not assume I read all three-hundred documents. I would never get through a trial if I did that. So I only read the things that folks think are relevant. A lot of times people admit documents and they never refer to them again. I'm not going to go and look at it. That's a fishing expedition that I don't have time to do. So if there are things that are admitted and you want me to look at it because you think it's pertinent to your arguments, make sure you say that. Okay?

During the course of trial, the trial court admitted nearly 300 exhibits, consisting of well over 3,000 pages of material. Given the size of the record, it was reasonable for the trial court to request that the parties direct it to those exhibits they deemed most favorable to their position. When viewed in context, the court's comments were no more than a request to identify important evidence. There is no evidence to support Lyon's claim of bias.

Intransigence

Lyon asserts that the trial court erred by awarding attorney fees to Gibson based on intransigence. Lyon contends that she was not intransigent and that, rather, the trial court was biased against her. Because Lyon fails to show that the trial court was biased, this assertion is without merit. Lyon does not articulate any other basis for her assertion of error. Accordingly, her argument fails.

The remainder of Lyon's arguments on appeal rely on facts that were not found by the trial court and are not supported by any citation to the record. Lyon also fails to cite authority to support the remainder of her arguments or cite to authority which is applicable to child custody disputes. We decline to consider any of these underdeveloped arguments.

## Attorney Fees on Appeal

Gibson requests an award of fees for his appeal under RCW 26.09.140 and RAP 18.1. Under RCW 26.09.140, this court has the discretion to order a party to pay for the reasonable attorney fees and costs incurred by the other party in a marital dissolution. We consider the parties' financial resources as well as the merit of the issues presented on appeal. In re Marriage of C.M.C., 87 Wn. App. 84, 89, 940 P.2d 669 (1997). To allow this court to consider the financial resources of the parties, RAP 18.1(c) requires that "each party must serve upon the other and file a financial affidavit no later than 10 days prior to the date the case is set for oral argument or consideration on the merits." Because Gibson has not filed the required financial affidavit, we decline his request for fees under RCW 26.09.140.

Gibson also requests an award of fees because he asserts that Lyon's appeal is frivolous. Gibson fails to cite any authority or present any substantive argument in support of this request. His request for fees is therefore denied.

## CONCLUSION

We affirm the judgment of the trial court.

_Coburn, J._

WE CONCUR:

_Feldman, J._          _Birk, J._