IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MICHAEL SCHERMERHORN/CO-OP 138,<br><br>        Appellant,<br><br>    v.<br><br>WASHINGTON STATE LIQUOR AND CANNABIS BOARD and WILLIAM N. LUKELA (Official Capacity Only) and SKAGIT COUNTY DRUG ENFORCEMENT TASK FORCE (SCIDEU) and SKAGIT COUNTY PROSECUTOR'S OFFICE and ALL PROSECUTOR'S WHO TOUCHED MY CASE (In their Individual and Corporate Capacities) and FRANK BLACK (In his Individual and Corporate Capacities) and SKAGIT COUNTY SHERIFF DON MCDERMOTT (In his Individual and Corporate Capacities) and THE OFFICE OF THE SKAGIT COUNTY SHERIFF and ANACORTES PD and ANACORTES UNKNOWN OFFICERS, and JESSE C. WILLIAMS, ESQ.,<br><br>        Respondents. | No. 86929-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Michael Schermerhorn appeals from the dismissal of his lawsuit against the Washington State Liquor and Cannabis Board, Board executive director William Lukela, Washington State Patrol detective Frank Black (collectively "State Defendants"), Skagit County Drug Enforcement Task Force, Skagit County Prosecutor's

Office, "all prosecutors who touched my case," Skagit County Sheriff Don McDermott, the Office of the Skagit County Sheriff (collectively "County Defendants"), Anacortes Police Department, Anacortes Unknown Officers (collectively "Anacortes Defendants") and Jesse Williams. Because Schermerhorn does not make any cognizable legal argument, we dismiss his appeal.

FACTS

The facts underlying this dispute were articulated in our opinion in In the Matter of the Forfeiture of Cannabis Grow Equip., No. 86120-4-I, slip op. (Wash. Ct. App. Mar. 10, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/861204.pdf. We will not repeat them here.

On April 20, 2023, Schermerhorn filed a lawsuit against the County Defendants and Black under 42 U.S.C. §§ 1983 and 1985. Schermerhorn claimed that he was entitled to relief because the County Defendants and Black violated his right to procedural and substantive due process by illegally obtaining a search warrant for his cannabis grow operation in September 2019. On June 29, 2023, the superior court dismissed Schermerhorn's lawsuit with prejudice under CR 12(b)(6) for failing to state a claim upon which relief can be granted. Schermerhorn did not appeal.

On June 14, 2023, Schermerhorn filed a lawsuit against the Anacortes Defendants, police chief Dave Floyd, retired director of planning Don Measamer, mayor Matt Miller, and the Office of the Skagit County Sheriff under 42 U.S.C. §§ 1983 and 1985. Schermerhorn claimed that he was entitled to relief because the Anacortes Police Department failed to properly investigate his reports of burglary, illegally obtained a search warrant for his cannabis grow operation, falsely arrested him, and caused him

physical injury. On October 26, 2023, the superior court entered an order dismissing all of Schermerhorn's claims with prejudice as time-barred by the applicable statutes of limitation. Additionally, the court found that Schermerhorn "has not established that his untimely filing should in any way be excused through any argument of equitable tolling." Schermerhorn did not appeal.

Schermerhorn filed this lawsuit against the Respondents on January 17, 2024. In his complaint, Schermerhorn asserted claims for violation of RCW 69.51A.230, violation of the Health Insurance Portability and Accountability Act (HIPAA), outrage, and deprivation of procedural and substantive due process in violation of 42 U.S.C. §§ 1983 and 1985 against all Respondents. Schermerhorn also asserted a claim for promissory and equitable estoppel against the State Defendants, and claims for assault and First Amendment violations against the Anacortes Defendants. Like in his previous lawsuits, Schermerhorn's claims were based upon the Respondents' actions in relation to the seizure of property from his cannabis grow operation in 2019.

The State Defendants, County Defendants, Anacortes Defendants, and Williams each separately moved to dismiss all of Schermerhorn's claims under CR 12(b)(6). The trial court heard all of the motions at a hearing on June 5, 2024. Following the hearing, the trial court granted all of the motions to dismiss and entered separate orders on each. The trial court dismissed Schermerhorn's claims against the County Defendants on multiple grounds, including claim preclusion, untimeliness under the applicable statutes of limitation, lack of a private action available under HIPAA, and failure to allege any facts that would support the claims asserted. The trial court dismissed Schermerhorn's claims against the Anacortes Defendants on the basis of claim and

3

issue preclusion, the statute of limitations, and the lack of private action available under HIPAA and RCW 69.51A.230. The trial court dismissed Schermerhorn's claims against the State Defendants and against Williams without stating its reasoning.

Schermerhorn appeals.

DISCUSSION

Schermerhorn represents himself on appeal. While we recognize the difficulties of self-representation, "'the law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws.'" In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983)). In other words, we hold pro se litigants to the same standards as attorneys. Id.

Pro se litigants, like those represented by counsel, must comply with all procedural rules on appeal. Olson, 69 Wn. App. at 626. In their opening brief, appellants must provide "assignments of error," and "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(4), (6). Adherence to this rule is not "merely a technical nicety." In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998). This court will "not address issues that a party neither raises appropriately nor discusses meaningfully with citations to authority." Saviano v. Westport Amusements, Inc., 144 Wn. App. 72, 84, 180 P.3d 874 (2008) (citing RAP 10.3(a)(6)).

Although we would ordinarily exercise our discretion to consider an appeal that contains technical flaws in compliance with the Rules of Appellate Procedure, State v.

4

<u>Olson</u>, 126 Wn.2d 315, 323, 893 P.2d 629 (1995), the flaws in Schermerhorn's brief are far beyond technical. Schermerhorn's brief does not contain a single citation to legal authority. His brief also fails to identify any error made by the trial court. In fact, Schermerhorn does not even mention the trial court's orders of dismissal anywhere in his brief. Because Schermerhorn does not make any cognizable legal argument supported by authority, we are unable to reach the merits of his appeal.

CONCLUSION

The appeal is dismissed.

Coburn, J.

WE CONCUR:

, ACJ        Mann, J.